177 So. 634

**PEEK v. HAARDT et al.**

**3 Div. 235.**

Supreme Court of Alabama.

Dec. 18, 1937.

L. A. Sanderson, of Montgomery, for appellant.

Thos. B. Hill, Jr., and Wm. Inge Hill, both of Montgomery, for appellees.

BOULDIN, Justice.

This is a statutory bill to quiet title to real estate. Code 1923, § 9905.

Complainant's claim of title, fully set out in the bill, is that of a purchaser at an administrator's sale of the lands, as part of the estate of Eleanor P. Moore, deceased, through proceedings in the equity court to which the administration of the estate had been removed.

Admittedly the proceedings for the sale of these lands on petition of the administratrix for the payment of the debts of the estate, and for division among the heirs, were in all respects regular, resulting in the sale, confirmation, payment of purchase money, and deed under decrees of the court.

Appellant, one of the heirs of said decedent, setting up his claim of title as required of respondents in such cases, challenged the validity of the sale on two grounds.

First, letters of administration were granted prematurely, and in violation of section 5747, of the Code, saying: "No letters of administration must be granted until the expiration of five days after the death of the intestate is known."

Without dispute the death of the intestate occurred on the 12th and letters of administration were issued on the 17th of the same month. Granting this was one day premature (Ex parte Campbell, 229 Ala. 422, 157 So. 675), the question is whether this rendered the sale void, or was merely an irregularity which could not affect the validity of the sale on collateral attack.

Section 5752 (2530) of the Code provides: "Letters testamentary or of administration, * * * are conclusive evidence of the authority of the person to whom the same are granted, from the date thereof until the same are revoked."

This section is quite as clear and effective as section 5747. Johnson v. Kyser, 127 Ala. 309, 27 So. 784.

In this state, by constitutional provision, section 149, the probate court is made one of general jurisdiction in the grant of letters testamentary and of administration.

"It is established beyond dispute that the probate court is a court of general jurisdiction in the matter of granting letters of administration; that it has the right to determine its jurisdiction in any case where its authority to issue letters of administration is invoked, and, when it has so determined and has issued letters, such letters, until revoked by a competent tribunal on a direct proceeding to that end, are conclusive evidence of the authority of the person to whom they are issued to administer upon the estate of the decedent, and cannot be collaterally assailed. Breeding v. Breeding, 128 Ala. 412, 30 So. 881; Winter v. London, 99 Ala. 263, 12 So. 438. Such is the provision of the statute. Code, § 2530." Carr v. Illinois Central R. Co., 180 Ala. 159, 165, 60 So. 277, 279, 43 L.R.A.(N.S.) 634; Burke v. Mutch, 66 Ala. 568; Barclift v. Treece, 77 Ala. 528; Wolffe v. Eberlein, 74 Ala. 99, 49 Am.Rep. 809; Curtis v. Williams, 33 Ala. 570; 23 C.J. 1086, § 247.

■ Moreover, the entertainment of the petition reciting jurisdictional facts, the rendition of a decree of sale, and further orders and decrees in such proceedings involved a judicial determination of the fact that petitioner was administratrix, as alleged in the petition, and the sale could not be impeached in a collateral proceeding on the ground that petitioner was not in fact administratrix, or that the grant of administration was invalid. This, of course, subject to the rule that there must be an estate to administer within the jurisdiction of the court. This is a principle of law relating to judicial sales. May v. Marks, 74 Ala. 249, 253; Landford v. Dunklin, 71 Ala. 594; Freeman on Judgments, § 523.

■ The second ground on which complainant's title is questioned is that the administratrix had not given a bond in double the value of the estate real and personal property, required by section 5762, before obtaining an order for the sale of lands, and before actually making such sale.

Without dispute the administratrix had executed a bond in double the estimated value of the personalty and three years' rents on the lands as provided in the same section, but had not executed the further bond above mentioned. Though not essential to the question before us, it is further without dispute that such bond was executed after the consummation of the sale and payment of the purchase money into the registry of the court, and before it was turned over to the administratrix.

All we have said touching the first ground upon which complainant's title is challenged is equally applicable to the second. As to this question of a bond, it was settled by early decision of this court, construing an analogous statute, that the want of a bond would not invalidate the sale, render it void on collateral attack.

In Wyman v. Campbell, 6 Port. 219, 31 Am.Dec. 677, opinion by Chief Justice Collier, the question was fully considered in the light of principles governing void and voidable judicial sales, and it was held that a sale of lands through the orphans' court was not invalid because of omission to give the required administrator's bond. This may be considered a leading case, often cited and followed. Lightfoot v. Doe, 1 Ala. 475; Field's Heirs v. Goldsby, 28 Ala. 218, 65 Am.Dec. 341; Matheson's Heirs v. Hearin, 29 Ala. 210.

Indeed, it has been long settled that a grant of letters without a bond is not absolutely void, but only voidable. Ex parte Maxwell, 37 Ala. 362, 79 Am.Dec. 62; Cunningham v. Thomas, 59 Ala. 158; Leatherwood v. Sullivan, 81 Ala. 458, 1 So. 718.

In these holdings the court would not minimize the mandatory statutes relating to the administration of estates, the duty of the courts having jurisdiction of estates to conserve interests of the beneficiaries, the duty of administrators to comply with such laws, or the right of the beneficiaries by proper proceedings, to protect their interests.

But the sound policy of protecting third persons who have acted on the decrees of judicial tribunals having jurisdiction in the premises, against irregularities, in their proceedings, is quite another matter.

We concur in the decree of the court below adjudicating that complainant Haardt has acquired all the right and title of the decedent in the lands in question.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.