G. W. COWARD, CECIL A. TUCKER, R. M. STARLEY, JOHN T. COX and LANGDON HATCH, as Trustee of Pine Grove Baptist Church v. C. B. PARTIN, J. C. DODSON and B. A. HODGES.

4 So. (2nd) 672

Division A

Opinion Filed November 12, 1941

Rehearing Denied December 4, 1941

G. P. *Garrett*, for Appellants;
John H. *Wahl*, for Appellees.

PER CURIAM.—On January 22, 1925, A. F. Tucker, J. H. Wheeler and G. G. Cowart filed bill of complaint seeking to oust C. B. Partin, Lemuel Hodges and I. W. Nettles as Trustees of Pine Grove Baptist Church, of the possession of the Church property and claiming the right to possession by their election as Trustees on the 17th day of August, 1924.

The plaintiffs procured the final decree in their favor in that cause and the defendants appealed. See Partin, *et al.* v. Tucker, *et al.,* 126 Fla. 817, 172 Sou. 89.

On review, this Court reversed the judgment and decree of the Circuit Court and, on the mandate going down, the bill of complaint was dismissed. In that suit the plaintiffs tested their right of possession and control over the Church property. The effect of our decision and judgment was that the plaintiffs were entitled to no relief sought.

On September 23, 1937, A. T. Tucker, J. H. Wheeler and J. C. Cowart, as Trustees of Pine Grove Baptist Church, filed a suit in ejectment against C. B. Partin, J. C. Dodson and W. W. Hancock.

On February 11, 1938, plaintiffs G. W. Coward, Cecil A. Tucker, R. M. Starley, John T. Cox and Langdon Hatch, as Trustees of Pine Grove Baptist Church, were substituted as plaintiffs in lieu of the original plaintiffs.

At the close of the trial plaintiffs took non-suit with bill of exceptions. Final judgment of non-suit was entered on May 22, 1941, to which writ of error was sued out.

The record shows that the plaintiffs in this suit are successor-Trustees to plaintiffs in the suit reported here as Partin, *et al.* v. Tucker, *supra,* and the defendants in this suit are successor-Trustees to the defendants in that suit.

The record shows no change in right of possession since our judgment and decree in the former suit and the plaintiffs were, therefore, estopped by that judgment to assert right of possession to the property.

It is not necessary to discuss any other matters insisted upon by the plaintiffs in error here.

The judgment should be affirmed and it is so ordered.

Affirmed.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, J. J., concur.