JOHNSON *v.* HILTON *et al.*

(In Banc. Nov. 13, 1944. Suggestion of Error Overruled Jan. 22, 1945.)

[19 So. (2d) 694. No. 35667.]

George Chaney and **Brunini & Brunini**, all of Vicksburg, for appellant.

R. M. Kelly, of Vicksburg, for appellee.

**Vollor & Teller,** of Vicksburg, for appellee, Thomas L. MacIntosh.

Argued orally by **George Chaney**, and **John Brunini**, for appellant, and by **R. M. Kelly**, and **W. J. Vollor, Jr.**, for appellee.

**Roberds, J.**, delivered the opinion of the court.

John William Hilton departed this life in Warren County, Mississippi, September 20, 1938, leaving as his only heir at law his widow Mrs. Nora V. Hilton. Letters of administration issued to her on his estate October 26, 1938. It is claimed by appellant that there was then a will of decedent on file with the chancery clerk. There is confusion in the record as to just what were the facts in that regard, but in view of the conclusion we have reached on the issues now presented to us by this record, the question is not material.

Mrs. Hilton, as administratrix, gave notice to creditors and proceeded to administer on the estate, and, in March, 1939, was allowed, on her petition, the sum of $960 for her support and maintenance as such widow, which was later increased to $1320.

On April 5, 1939, Mrs. Lyda Johnson, appellant, filed a petition for probate of the above mentioned will, and prayed for the removal of Mrs. Hilton as administratrix. No action was taken on that petition.

On May 2, 1939, Mrs. Johnson filed another petition asking for the probate of the will and the issuance to her of letters testamentary.

May 16, 1939, a decree was entered admitting the will to probate and granting letters testamentary to Mrs. Johnson. The will devised and bequeathed all of testator's property to his four sisters, including Mrs. Johnson, and his three brothers, naming Mrs. Johnson as executrix

therein. It was dated April 4, 1921, he then being unmarried.

May 17, 1939, Mrs. Johnson, executrix, presented a petition to require Mrs. Hilton, administratrix, to file an inventory and appraisement of the estate. The court so ordered, and the administratrix filed the inventory on June 19, 1939, reporting that the only property left by decedent was a watch of the value of forty dollars and certain real property.

On September 5, 1939, the widow filed a contest of the will. On April 10, 1940, a final decree was entered establishing the will, ordering the administratrix to deliver the property in her hands to Mrs. Johnson, executrix, upon execution by the executrix of a bond in the sum of one thousand dollars, and granting an appeal with supersedeas from the decree. The appeal was prosecuted. On March 29, 1943, the appeal was decided by the Supreme Court, and the will finally established.

During all of this time Mrs. Hilton continued to administer upon the estate under orders of the court, including the judicial sales of three parcels of land, being all of the real estate owned by the decedent, one parcel being the homestead, the right to which the widow waived, it being necessary to sell the real property to pay the debts of the estate. There were three separate sales and appellees, McGehee, Gill and MacIntosh were the respective purchasers.

On September 28, 1942, the administratrix filed a final account, showing the proceeds from the three sales of land, the probated claims and the fees of herself and her attorneys which she had paid, the balance in her hands being $1,220.20, she having received no money during the administration except from such land sales and except ten dollars with which she had charged herself as being the value of the watch.

On January 12, 1943, this account was approved by the court and the administratrix was ordered to pay the court costs, the balance of her fee and that of her solicitor.

On February 4, 1943, a further report was made by the solicitor for the administratrix, showing full payment of the court costs and fees, which left a balance in her hands of $690.24, which she offered to pay to "such persons as may be legally determined are entitled to receive same."

On May 3, 1943, Mrs. Johnson filed bond as executrix in the sum of one thousand dollars, in compliance with decree of the court dated April 10, 1940.

The petition now under consideration was filed May 25, 1943. It purports to be filed by the executrix alone and it is so signed by the solicitors, but in the body thereof it is stated that all of the beneficiaries under Hilton will join therein. The petition sets out all of the acts performed by the administratrix and asserts that such acts were illegal because her appointment was invalid, and in addition, as to the three land sales, that (a) some of the heirs of deceased beneficiaries under the will, were not made parties to such sales, (b) that the properties sold too cheaply, and (c) that McGehee and Gill were acting for Mrs. Hilton in their purchases. The petition prays for (1) citations, (2) discovery by the administratrix, (3) that the administratrix be restrained from further administering on the estate and (4) that she be required to deliver to the executrix the property remaining in her hands as administratrix.

Respondents to the petition, appellees here, filed a general demurrer to the petition on the grounds, first, that there is no equity on the face of the petition; second, that no relief is grantable under the petition as drawn, and, third, that petitioners are estopped to attack the validity of the sales, being parties to the proceedings authorizing them. The lower court sustained the demurrers and Mrs. Johnson, executrix, alone appeals.

All respondents also filed extensive answers, setting up various facts and legal contentions as defenses to the petition. But the matter being here on demurrer these answers will not be considered by us on this appeal.

It will be noted the petition does not pray that the sales of real property be set aside. On the contrary, it asks that the proceeds of such sales be paid petitioners. Aside from whether a sale of real property could be set aside in such proceeding, which we do not decide (see Griffith's Chancery Practice, page 771, Section 660), it was necessary that the petition pray for that relief. "The prayer for relief is essential, and it must specify the particular relief to which the complainant deems himself entitled, because both the court and the defendant are enabled thereby to more fully determine the character of the bill, it having been tersely said that the court and the defendant are entitled to know not only what facts the complainant relies on but also what he expects to make of the facts. The special prayer for the exact and particular relief which the complainant asks is indispensable therefore, unless the case be such that clearly and obviously only one particular simple relief can be granted under the facts of the bill." Griffith's Chancery Practice, page 181, Section 185. This case is not within the exception. There was no prayer for general relief. Therefore, the demurrer was rightfully sustained as to appellees Gill, McGehee and MacIntosh, and, as to them, the case is affirmed.

The petition prayed that the administratrix be required to deliver to the executrix the personal property in her hands. The final account of the administratrix, on file when the petition was filed, showed she had on hand $609.24 and the estate had been fully administered and all costs and fees paid. The will had been established and the executrix had given bond as required by the decree of the court. There was no reason why the administratrix should not have paid this money to the executrix. The executrix was entitled to whatever balance there might be. It is true the record shows that after the filing of the petition by Mrs. Johnson, executrix, that Mrs. Hilton, who had apparently married Mr. Gill, undertook to renounce the will as widow, claiming half of the balance of the money. Even though that act can be now consid-

ered, she yet, it is admitted, has money in her hands to be delivered to some one. The executrix is the person entitled to it. The petitioner states a cause for relief in that respect, which is sufficient to withstand a general demurrer, aside from any other issues or questions which may be involved.

Affirmed as to appellees McGehee, Gill and MacIntosh and reversed and remanded as to Mrs. Hilton, executrix.

Affirmed in part and reversed and remanded in part.