1. Under the proceedings of the prior equitable action, the subject-matter of a suit based on the principle of law pertaining to quantum meruit was adjudicated between the same parties.
2. The changing of the personnel of the representative of an estate does not thereby enable an issue which was or could have been adjudicated against an estate wherein a receiver is appointed, under the facts of a *Page 774 
case as herein alleged, to be brought in a suit for the same cause of action against executors who represent the estate.
 DECIDED OCTOBER 9, 1947.
The case presently before us for decision seeks a recovery on quantum meruit basis. To this petition a plea of res judicata was filed by the defendant. The plaintiff in error here was the plaintiff in the court below. We deem the most readily understandable approach is to give a history of the preceding litigation leading up to the case before use. There are certain undisputed facts. They are: that on or about June 1, 1939, Ferris F. Brannen owned a tourist camp known as Knotty Knoll; that on or about this date Mrs. Margie Ellzey became connected with the owner of the tourist camp in some sort of business relationship and that this continued until the death of, or just prior to the death of, Ferris F. Brannen, on December 20, 1944; that on October 27, 1943, Ferris F. Brannen executed a will wherein Mrs. Ellzey was made sole executrix and sole legatee. Thereafter, on November 4, 1944, Ferris F. Brannen executed a second will in which Richard H. Brannen, one of his sons, and his brother, James C. Brannen, were named as executors, and the beneficiaries under this last will were the three children of Ferris F. Brannen, namely: Richard H. Brannen, Ferris F. Brannen Jr., and Mrs. W. M. Bush. After the death of Ferris F. Brannen these two wills were filed for probate in the Ordinary's Court of Liberty County, Georgia, and caveats were filed to each of them. The brother of the deceased, James C. Brannen, and Richard H. Brannen were appointed as temporary administrators, and they sought to take charge as such temporary administrators of the estate of Ferris F. Brannen, and ousted Mrs. Margie Ellzey from her connections with the tourist camp. On February 3, 1945, she brought an equitable petition alleging substantially: First, that the date of the death of Ferris F. Brannen is set forth and a copy of the will wherein the plaintiff was made executrix and sole beneficiary. The second and third paragraphs set forth the residence of James C. Brannen and Richard F. Brannen. The fourth paragraph alleges that the plaintiff and the deceased, Ferris F. Brannen, entered into a partnership agreement with reference to the tourist camp; that they were *Page 775 
to share equally in the liabilities and profits. The fifth paragraph goes into detail as to the property involved and owned at the tourist camp. The value thereof being alleged as $17,105. The sixth paragraph alleges that about the middle of September, 1944, Ferris F. Brannen became ill and later became insane and was removed from one place to another and finally to a hospital in Jesup, Georgia, where he died. The seventh paragraph alleges that before the illness of Ferris F. Brannen he and the plaintiff carried on the operation of the tourist camp and that after he became ill she looked after the business herself; that the alleged partnership business was profitable to both the plaintiff and Ferris F. Brannen from the time of its inception. In the eighth paragraph the plaintiff reiterates concerning the execution of the will of Ferris F. Brannen wherein she was made executrix and sole legatee and further that she had filed the will in the court of ordinary and probated the same in common form.
The ninth paragraph alleges that objections by Richard H. Brannen were filed to the probate of the will made in favor of the plaintiff; that Richard H. Brannen alleges himself to be an heir at law of Ferris F. Brannen and an executor under the second will. In this objection he was joined by James C. Brannen, who alleged himself to be an executor under the provisions of the second will, and also there was a prayer that the plaintiff be required to probate the first will in solemn form in order that legal caveats might be filed to such proceedings to probate in solemn form. In this paragraph it is further alleged: "Petitioner has not available a copy of the alleged will of F. F. Brannen under date of November 4, 1944, but alleges on information and belief that in said pretended will all of the property of said Ferris F. Brannen is bequeathed to his two sons, Richard H. Brannen and Ferris F. Brannen Jr., and his daughter, Mrs. W. M. Bush, and that the said Richard H. Brannen and James C. Brannen were named as executors in said last pretended will without the requirement that bond be given and with permission to sell the property of the deceased without an order of the court of ordinary directing and authorizing the sale of the same. Said defendants are represented in the Court of Ordinary of Liberty County, Georgia, by Hon. Donald Fraser, attorney at law, of Hinesville, Georgia. Petitioner prays leave of the court to later attach a copy of *Page 776 
the said alleged last will and testament to this petition and to mark the same as Exhibit `C'."
In the tenth paragraph it is alleged that the second will was invalid because of the mental incapacity of Ferris F. Brannen to make it and that the second will was obtained by fraud and duress practiced upon Ferris F. Brannen and was a fraud against the petitioner; that the true last will and testament of Ferris F. Brannen was the first will wherein the plaintiff was made the executrix and the sole legatee. It is further alleged in this paragraph that the probate of both of the wills had been set by the court of ordinary to be heard on February 5, 1945, but that the second pretended will would come up for hearing first because it had been filed for probate first.
It is alleged in the eleventh paragraph that whatever decision the court of ordinary made as to the probate of the wills, such judgment would be appealed to the superior court by either party losing, and furthermore, the ordinary could not legally pass upon the plaintiff's rights to the one-half undivided interest in the partnership business; and that this question would remain for trial and adjudication in the superior court and that no property would pass under either of the wills except that involved in the partnership assets.
The twelfth paragraph makes mention of a previous equitable suit against Richard F. Brannen and James C. Brannen which was dismissed for the reason that the plaintiff was unable to reach the court on the day in which it was set for hearing.
Paragraph thirteen alleges that after the first equitable suit was dismissed, Richard F. Brannen and James C. Brannen, accompanied by the Sheriff of Liberty County, and the attorney for them, went to the tourist camp and forcibly ejected the plaintiff from the tourist camp, and that her rights as a partner in the assets of the tourist camp have been totally ignored by the defendants.
Paragraph fourteen alleges that the business of the partnership is being conducted by James C. Brannen and Richard H. Brannen and in doing so they are exercising the rights as conferred upon them by the said pretended will of Ferris F. Brannen as though this second will had been probated in solemn form and that they were acting as though they were executors under the second will clothed with a legal right to sell the partnership assets without *Page 777 
accounting for the same to any court whatsoever, and that waste was being committed by them of the partnership assets and against the rights of the plaintiff.
The fifteenth paragraph alleges that the partnership business can not be conducted properly without the plaintiff's presence and participation in the conduct of it, or unless the court appoint a receiver to take charge of it; and that the plaintiff would suffer irreparable damage which is incapable of being estimated.
Paragraph sixteen reads as follows: "Petitioner further shows that a multiplicity of suits will result between the parties as heretofore shown unless a court of equity takes charge of all of the assets of said partnership and preserves the good will of said partnership and a dissolution of the partnership business is had in a court of equity, as allowed by law, further irreparable damage will result to your petitioner." (Italics ours.)
The prayers of the petitioner are as follows: "(a) That the Honorable Miss Mollie Ashmore, Ordinary of Liberty County, Georgia, be enjoined and restrained from conducting a hearing on the probate of either or both of wills and passing upon the validity of either or both of them and that a copy of all pleadings filed in the Court of Ordinary of Liberty County, Georgia, be transmitted by her to the clerk of the Superior Court of Liberty County, Georgia, to the end that the validity of both of said wills may be determined and legally adjudicated in this equitable proceedings. (b) That the said James C. Brannen and Richard H. Brannen be likewise enjoined and restrained and their present attorney, Judge Donald Fraser, and any other attorney, agent, or representative who may be employed by them be further enjoined and restrained from further effort to have the validity of either or both of said wills determined in a Court of Ordinary or in any court other than in the Superior Court of Liberty County, Georgia, and that all rights of Ferris F. Brannen Jr.,and Mrs. W. M. Bush as heirs at law of Ferris F. Brannen,deceased, and legatees under said pretended will be adjudicatedin this equitable proceeding. (Italics ours.) (c) That by decree of this court your petitioner be adjudged to have an undivided one-half interest in the business, property and assets of the said partnership, irrespective of the validity of either of said wills to the end that petitioner may receive the value of her undivided one-half interest in said partnership. *Page 778 
(d) That a dissolution of said partnership and an accounting be had in this honorable court between your petitioner and such representative of the estate of Ferris F. Brannen, deceased, or of his heirs at law, as may be decreed by this court to have the right to receive the interest of Ferris F. Brannen, deceased, in such accounting and in such partnership business. (c) That a receiver be appointed by this honorable court to take charge of the partnership assets and conduct the business of the partnership under order and direction of this court, proper bond for the receiver to be named by the court until the partnership business can be discontinued and the partnership be legally dissolved without prejudice to the interest of either party. (f) That Richard H. Brannen, being a nonresident of the State of Georgia, be served by publication as a defendant in this cause unless said service be waived by him and he makes himself voluntarily a party defendant in this cause, and that like service be perfected upon the two remaining heirs at law of the estate, Richard F. Brannen and Mrs. W. M. Bush, unless each of them makes himself voluntarily a party defendant in this cause. (g) That process do issue directed to said defendants requiring them to be and appear, etc."
Service was perfected on all of the parties mentioned above in this equitable petition. The defendants answered the equitable petition as follows: "(1) Defendants admit that Ferris F. Brannen, late of Liberty County, Georgia, died on the 20th day of December, 1944, as alleged in paragraph 1 of said petition, and deny all other allegations contained in said paragraph. (2) All allegations contained in the second and third paragraphs of said petition are admitted. (3) All allegations contained in the fourth, fifth, sixth, seventh, and eighth paragraphs of said petition are denied. (4) Defendants admit the allegations contained in the ninth paragraph of said petition. (5) Defendants deny allegations contained in the tenth paragraph of said petition. (6) For lack of sufficient information, defendants can neither admit nor deny the allegations contained in the eleventh paragraph of said petition, and they demand strict proof thereof except as to the allegations contained in the last sentence of said paragraph, which defendants deny. (7) All allegations contained in the twelfth, thirteenth, fourteenth, fifteenth and sixteenth paragraphs of said petition are denied. *Page 779 
"Further answering, defendants say that James C. Brannen, one of the defendants, was appointed temporary administrator of the estate of Farris F. Brannen, the deceased, by the ordinary of said county, on the . . . day of December, 1944, and that in this official capacity pending probation of the will filed by defendants for probate as alleged in the petition, the said James C. Brannen has endeavored only to protect the property of said estate, and that the defendant, Richard H. Brannen, has not committed or threatened to commit any act in reference to said property contrary to law; further in answering defendants saythat petitioner has no rights whatever against said estate, thatshe was only employed as a waitress by the said Farris F. Brannenuntil shortly before his death, for which services she has beenfully paid." (Italics ours.)
The superior court, in passing upon this equitable petition, set a hearing for the same on February 19, 1945, requiring the defendants to show cause on that date why the temporary injunction and restraining order should not be continued until further order of the court, and as to why a receiver should not be appointed and requiring the defendant to execute a bond for the sum of $5000 to further operate or interfere with the assets involved conditional to pay the plaintiff any judgment rendered in favor of her in the cause. During the meantime, the ordinary was enjoined from probating the wills.
When the case came on to be heard on February 19, 1945, the court did, on February 20, pass the following order: "It is ordered: (1) That the temporary injunction granted by the court on February 3, 1945, enjoining Miss Mollie Ashmore, as Ordinary of Liberty County, Georgia, to probate in solemn form either or both of the alleged wills of Farris F. Brannen, to wit: the one dated October 27, 1943, and the other dated November 4, 1944, be and the same is hereby dissolved. (2) That should the will of November 4, 1944, be adjudged as a valid will, then the executors named in said will, to wit, James C. Brannen and Richard H. Brannen, be and they are hereby restrained from taking charge, or possession of, any property alleged by either party to be the property of the partnership until the further order of this court. (3) It is further ordered, that Paul H. Sikes, be and he is hereby appointed receiver of this court, to take charge of, hold and manage *Page 780 
all property in dispute as property of the alleged partnership, until the further order of this court. Said receiver is authorized to collect in and hold awaiting the further order of this court, all property claimed by either party, claimed as partnership assets, and in order to facilitate the collection and holding of said assets, said receiver is authorized to institute proceedings in this court or in any other court of the State of Georgia, or ancillary proceedings in any other court beyond the limits of the State of Georgia, who may be in possession or control of assets of the partnership, or who may make any claim whatever to the right to possess the same, this order to apply to the temporary administrator appointed by the court of ordinary of Liberty County, Georgia. (4) The receiver is directed to investigate all questions pertaining to the best interest of the partnership estate, and to advise the court whether in his opinion, it would be best for the partnership to be operated by him as a receiver, or the defendants in this case, and should he advise that the business should be operated by the defendants in this case, then said defendants shall be authorized to do so, provided a good and sufficient bond is given by them, in the sum of $5000 to be approved by the clerk of this court, conditioned to pay to the plaintiff in this case and judgment which the plaintiff might secure against the said defendants or either of them, said bond to be given by the defendants within 20 days from the date that the receiver might so advise, the business herein referred to as the partnership business is known as `Knotty Knoll Tourist Camp.' Should the defendants fail to give the bond as herein specified, then the receiver shall report that fact to the court for further direction by the court."
Thereafter, issues made by the equitable petition, and the answer of the defendants, and, by consent, the issues thus formed and the question as to which one of the two wills in question was the true and last will and testament of the deceased Ferris F. Brannen were submitted to a jury. Upon these issues, the jury found against the will wherein Mrs. Margie Ellzey was named executrix and sole heir, and in favor of the will wherein Richard H. Brannen and James C. Brannen as executors, and Richard H. Brannen and Ferris F. Brannen Jr., and Mrs. W. M. Bush were named as beneficiaries. As to the other issues formed by the petition and the answer in the equitable suit, the jury returned the following *Page 781 
verdict on September 21, 1945: "We, the jury, find for the defendants." The plaintiff filed her motion for a new trial. While the motion was pending she instituted the quantum meruit action, in which action she sought to recover the value of her services in and about the tourist camp during the time she claimed in her equitable petition that she was a partner. The amount due her on this quantum meruit action is alleged to be $14,300. It is alleged in this quantum meruit action that it is brought against Richard H. Brannen and James C. Brannen as executors under the last will and testament of Ferris F. Brannen. It is alleged to be brought as a separate and distinct cause of action from the cause of action embraced in the equitable suit. Service was acknowledged by the defendants and in answer to the quantum meruit action the defendants filed a plea of res judicata as follows: "(1) That on the 21st day of September, 1945, in an action in the Superior Court of Liberty County, Georgia, between Mrs. Margie Ellzey, the plaintiff, and James C. Brannen and Richard H. Brannen, the defendants, a verdict and judgment was rendered in favor of the defendants. (2) Defendants aver that said action, in which the said judgment was rendered, was between the same parties, and for the same cause of action as that now alleged in plaintiff's petition, and said judgment was a full and final adjudication of the claim and cause of action now sued on. And of this the defendants put themselves upon the country." Before the issues thus formed by the pleadings on the quantum meruit action were heard, the plaintiff, Mrs. Margie Ellzey, died and the administrator of her estate, Samuel W. Williams, was made a party plaintiff. And also before the hearing on the quantum meruit proceedings, the motion for a new trial in the equitable proceedings was dismissed and the judge of the superior court heard evidence on the quantum meruit proceedings and found in favor of the plea of res judicata. It is on this finding and judgment of the court that error is assigned here.
1. For a plea of res judicata to prevail it must be an action, first, between the same parties, and second, it must involve the same subject-matter. We think this is the controlling question for us to determine. It is not seriously contended by *Page 782 
distinguished counsel for the plaintiff that the subject-matter is not the same in the equitable proceedings as in the quantum meruit proceedings. But it is contended most earnestly and with much persuasive presentation that, since the equitable suit was not against the executors of the estate, and the quantum meruit proceedings are against the executors of the estate, the parties are not the same. The executors in the instant case are but the representatives of the estate. In the equitable suit the estate was represented by a receiver appointed by a judge of the superior court at the instance of the plaintiff. At the time the superior court took jurisdiction of the equitable cause, there was some sort of representation of the estate on whom service could be had. Had there not been, the superior court would have had no jurisdiction to appoint a receiver. This is elementary. When the receiver was appointed he then became the representative of the estate just as effectually and for the time being to all intents and purposes the representative of the estate as executors could have been. When a court of equity takes jurisdiction and has all the parties before it, it has the power and authority to do full and complete justice as between the parties as to both equitable and legal rights. Mays v.Taylor, 7 Ga. 238. It will be noted from the equitable petition and the answer thereto, that there were three issues made by the pleadings and agreement of counsel. First, that they should determine which of the wills should be probated. Second, whether or not there was a partnership and if so, find upon accounting the amount due the plaintiff. And third, whether the plaintiff was employed as a waitress only and if so, whether she had been fully paid for her services. On these issues the jury found in favor of the defendants. Code, § 110-501 provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." It will be noted that in the prayers of the equitable petition the plaintiff specifically prays: "That all rights of Ferris F. Brannen Jr., and Mrs. W. M. Bush as heirs at law of Ferris F. Brannen, deceased, and legatees under said pretended will be adjudicated in this equitable proceeding." Of course this included the beneficiary under the second will, as *Page 783 
well as all mentioned in the first will. In the answer, the defendants, after having answered each of the allegations of the equitable petition, pleaded: "Further in answering, defendants say that petitioner has no rights whatever against said estate, that she was only employed as a waitress by the said Ferris F. Brannen until shortly before his death, for which services she has been fully paid." We think the effect of the verdict, under the pleadings, was to find that Mrs. Margie Ellzey was only employed as a waitress at Knotty Knoll Tourist Camp by the deceased, Ferris F. Brannen, and that she had been fully paid.
2. Construing Code, § 110-501 as to whether the parties in the equitable suit and the parties in the instant suit were the same, in our opinion the equitable petition under the pleadings and under the prayers was a suit against the estate of Ferris F. Brannen then being represented by a receiver. This being true, we know of no reason why, if it had been necessary for the plaintiff in that action to declare upon a quantum meruit basis, she could not have, by appropriate pleadings, brought that issue into question just as effectively against the estate in the equitable proceedings as is sought now to be brought under a quantum meruit action against the estate through the executors. It appears that the estate was being sued in both instances. In one, with a receiver representing the estate, and in the other, the executors representing the estate. This was only a change in the personnel of the representatives of the estate and their title or name, it occurs to us, would make no difference. We think the situation here is analogous to the removal or death, or change in any other way, of the personnel of the representative of an estate. It will be noted that in the equitable petition one basis for asking that a receiver be appointed was to avoid a multiplicity of suits. One of the prayers of the plaintiff in the equitable petition was to this effect: "That a dissolution of said partnership and an accounting be had in this honorable court between your petitioner and such representative of the estate of Ferris F. Brannen, deceased, or his heirs at law, as may be decreed by this court to have the right to receive the interest of Ferris F. Brannen, deceased, in such accounting and in such partnership business." This excerpt from the prayers and the other excerpt to the effect that all rights of the legatees be adjudicated in this equitable action preclude any other *Page 784 
suit regarding the same subject-matter, since, as we have observed. it is against the same parties, that is, a representative of the estate.
The court did not err in finding in favor of the plea of res judicata.
Judgment affirmed, MacIntyre, P. J., and Townsend, J.,concur.