GILL, et al v. JOHNSON, et al.

In Banc. May 23, 1949.

(40 So. (2d) 600)

708

**R. M. Kelley** and **Vollor, Teller, & Biedenharn,** for appellants.

George Chaney and Brunini, Brunini & Everett, for appellees.

**McGehee, C. J.**

This is a suit in ejectment and was filed on August 25, 1945, by the devisees under the will of John W. Hilton, deceased, to recover possession of Lot 59 of the Thrift

Survey in the City of Vicksburg, in Warren County, Mississippi, which was owned by the testator at the time of his death on September 20, 1938, and which was sold to the appellant David B. Gill on November 8, 1941, for the payment of the debts of the estate of the testator under a decree of the Chancery Court of said County, and which sale was duly confirmed by said Court on November 15, 1941, at which time the purchaser went into the actual possession of the property after having paid the purchase money and received a deed therefor.

Section 745, Code of 1942, Section 2315, Code of 1930, reads as follows: ''An action shall not be brought to recover any property hereafter sold by order of a chancery court, where the sale is in good faith and the purchase-money paid, unless brought within two years after pos-·session taken by the purchaser under such sale of the property.''

The two remaining parcels of real estate owned by the testator at the time of his death, which are likewise located in the City of Vicksburg where the decedent had a fixed place of residence during the last sixteen years of his lifetime, were also sold for the payment of the debts of the estate, under a decree of the Chancery Court of Warren County, but the property embraced in those two sales is not involved in this ejectment suit.

At the conclusion of all of the evidence the trial court, in responding to the contention of the defendants David B. Gill and others that the plaintiffs Mrs. Lyda Johnson and others had participated in the proceedings whereby this real estate was ordered sold for the payment of the debts in the hearing of the report of the Commissioner and the confirmation of the sale of the property to the defendant David B. Gill on November 15, 1941, and also that they were parties to the proceedings whereby the final account, filed on September 28, 1942, of the administratrix Mrs. Nora Hilton, who made such sales and distributed the proceeds in the payment of the debts and the expense of the administration of the estate, etc., announced

its conclusion to the effect that "the doctrine of res judicata does not apply in this case. The petition filed by Mrs. Lyda Johnson (which is discussed in the case of Johnson v. Hilton et al., 197 Miss. 400, 19 So. (2d) 694) did not ask that the sales be set aside: . . ." And the trial court further held that: "The two year statute (Section 745 Code 1942, hereinbefore quoted) would bar this suit except that I do not think that the defendants here have met the burden of proof that these sales were in good faith, . . .". Therefore, the Court overruled the motion of the defendants for a peremptory instruction in their favor, and then granted a directed verdict in favor of the plaintiffs, saying: "I consider these sales void until you show they are not, until you prove they were made in good faith." The Court evidently overlooked the fact that ██ when the defendants had shown that the property involved in this ejectment suit had been sold by order of the Chancery Court, the purchase money paid and possession taken by the purchaser under such sale, and had testified, without contradiction, as to the good faith, they had sustained their plea of the bar of the statute of limitation unless the plaintiffs could show in rebuttal that the sale was not in good faith. No such testimony was offered in rebuttal. Bad faith was not to be presumed in favor of the plaintiff's as against the defendants. ██ The sale was shown to have been made under a solemn decree of the Chancery Court, with proper notice to and appearance by all of the parties in interest and the sale had been made in order to pay the debts of the estate, as aforesaid, and the decree of confirmation thereof was unappealed from. The presumption is that the Chancery Court had also acted in good faith in ordering the sale and that the administratrix was guilty of no bad faith in conducting the sale and conveying the property to the purchaser. Moreover, the court had necessarily adjudicated in confirming the sale that the property had brought a fair price.

The only circumstances on which the trial court could have based its conclusion that the sale was not made in good faith as to the particular parcel of land involved in the ejectment suit, are, (1) that the purchaser at the sale made by the administratrix under the decree of the Chancery Court later married her, nearly eleven months after the sale, and, (2) that the purchaser testified that he paid the amount of his bid of $1,400.00 in cash at the sale. The trial court may have thought it unreasonable that the intended purchaser would have carried $1,400.00 in cash to the sale, although the sale was advertised to be made for cash and his testimony was uncontradicted in regard thereto; and the Court may have been of the further opinion that the purchase was made for the benefit of the administratrix who sold the land, but there is no proof in the record to that effect.

Moreover, it was undisputed and affirmatively shown that the bid was actually paid in some manner, since the admininstratrix charged herself with the proceeds thereof in her final account and showed that she had applied the same to the payment of the probated claims against the estate, and the plaintiffs in ejectment were parties to the proceeding whereby the final account was approved, and the decree in that behalf was unappealed from.

Then, too, it is shown that thereafter the plaintiff Mrs. Lyda Johnson, as the executrix named in the will of the testator and on behalf of all of the devisees thereunder, filed a petition asking that the administratrix be required to deliver to her the property remaining in the hands of the administratrix. The property so remaining in her hands was the excess of the proceeds of the sale after the payment of the debts and the expenses of the administration, and which excess amounted to the sum of $690.24, as shown by the opinion in the case of Johnson v. Hilton, supra, decided on November 13, 1944, by this Court, wherein the Court said [197 Miss. 400 19 So. (2d) 696]: "It will be noted the petition does not pray that the sales

of real property be set aside. On the contrary, it asks that the proceeds of such sales be paid petitioners.''

In the instant case, at the conclusion of all of the evidence, the court declined to grant a peremptory instruction in favor of the defendants on the further ground urged by them to the effect that the ejectment suit constituted a collateral attack upon the judgment and decrees of the Chancery Court in the matter of the administration of the estate of John W. Hilton, deceased, the trial court being of the opinion that the decree for the sale of the land and the decree confirming such sale in the purchaser were null and void and, therefore, amounted to nothing. And this brings us to a consideration of the question of whether or not the Chancery Court had jurisdiction to order the sale of the property to be made by Mrs. Nora Hilton, administratrix and sole heir at law of her deceased husband John W. Hilton, for the purpose of paying the debts of his estate under the following circumstances:

The testator John Hilton executed the last will and testament in question on April 4, 1921, he then being unmarried. The existence of this will was reported by the Clerk of a Masonic lodge at San Antonio, Texas, to the appellee Mrs. Lyda Johnson, a sister of the testator, after the death of the latter, and she caused the same to be filed in the Chancery Clerk's office at Vicksburg on October 13, 1938. The instrument devised the property of which the testator should die seized and possessed, to his brothers and sisters. No process was issued for Mrs. Nora Hilton, the widow and sole surviving heir at law of the testator when the will was filed with the clerk on the date aforesaid. Then on October 26, 1938, letters of administration were duly issued to the said Mrs. Nora Hilton and she proceeded with the administration of the estate. Thereafter, on May 2, 1939, Mrs. Lyda Johnson, as executrix named in the will, filed a petition asking for the probate of the will and the issuance to her of letters testamentary. On May 16, 1939, a decree was entered admitting the will

to probate in common form and granting letters testamentary to Mrs. Johnson. On September 5, 1939 the widow filed a contest of the will, and on April 10, 1940, a final decree was entered establishing the will and ordering the widow of the deceased who had obtained letters of administration on Octobr 26, 1938, to deliver the property in her hands to Mrs. Lyda Johnson, executrix, upon execution by the executrix of a bond in the sum of $1,000.00, and granting an appeal with supersedeas from the decree. This appeal was prosecuted and on March 29, 1943, the appeal was decided by this Court, and the will finally established. Hilton v. Johnson, et al., 194 Miss. 671, 12 So. (2d) 524. In the meantime there was no motion filed in this Court to discharge the supersedeas nor was there a cross-appeal or assignment of error to the action of the trial court in requiring a bond of the executrix in the sum of $1,000.00, contrary to the provision in the will to the effect that no security was to be required of the executrix. She then filed such bond on May 3, 1943, after the land in question had been sold by the administratrix on November 8, 1941, for the payment of the debts of the estate.

Section 159 of the State Constitution of 1890, provides that: ''The chancery court shall have full jurisdiction in the following matters and cases, viz.: . . . (c) Matters testamentary and of administration; . . . .'' Therefore, the Chancery Court of Warren County had jurisdiction to grant letters of administration, at least to the extent of appointing a temporary administrator pending the contest of the will, even though the person to whom the letters of administration were previously granted had been informed of the existence of the will at the time she obtained letters of administration, several months prior to probate thereof; and this is true notwithstanding that Section 537, Code of 1942, provides: ''If a will shall be found and probated, and letters testamentary be granted thereon, the same shall be a revocation of the administration; but acts lawfully done by the administrator

without actual notice of such revocation, shall be valid and binding.''

Section 520, Code of 1942, expressly provides: ''Whenever it shall be necessary for the care and preservation of the estate of a decedent before the grant of letters testamentary or of administration to the person entitled thereto, or whenever an appeal shall be taken from the grant of letters testamentary or of administration, or whenever a last will and testament shall be contested, or its probate intercepted or unreasonably delayed, the chancery court, or clerk, may, and on petition of any creditor or other person interested shall, appoint a suitable person, to be known and designated as 'temporary administrator,' to take charge of, preserve and administer the estate until the person entitled to letters testamentary or of administration shall be appointed; and letters may be issued to the temporary administrator, in the ordinary form. except that he shall be designated therein as temporary administrator, and they should show that he is to act only until another appointment shall be made.''

 Since it was the duty of the Chancery Court to order the real estate of the testator sold for the payment of the debts of his estate, where it was shown that he had no personal property other than a watch, and to do so without unnecessary or unreasonable delay pending the contest of the will, we are of the opinion that the Chancellor had the power under the statute last above quoted to continue Mrs. Hilton as administratrix for said purpose, and that the failure of the court, after the existence of the will became known, to change the letters of administration granted to her as the widow and sole heir at law on October 26, 1938, to letters as temporary administratrix pending the will contest, did not render the action of the Court absolutely void in ordering the land sold by her, but only voidable at most, since the court had constitutional jurisdiction of the subject matter and had jurisdiction of all of the parties in interest.

The appeal records to the Supreme Court in both the cases of Hilton v. Johnson et al., 194 Miss. 671, 12 So. (2d) 524, and Johnson v. Hilton et al., 197 Miss. 400, 19 So. (2d) 694, were introduced as part of the record on the trial of the instant suit in ejectment.

In 21 Am. Jur., Sec. 128, page 450, it is said, among other things, that: "Those things which are done for the benefit of all parties and which should be done for the security and benefit of all concerned may be upheld, especially if they are of the character falling within the duties of a temporary administrator, had one been appointed."

And in Section 165, page 465, of the same volume of this text, it is stated: " . . . American authority is uniformly to the effect that the existence of a will does not render a grant of administration void, but only voidable, and, hence, that acts done by the administrator are not open to collateral attack and, when done in the due course of administration, are binding on the parties interested in the estate, including the executor named in the will."

And Section 655, page 749, thereof, states as follows: "The general rule that a judgment of a court having jurisdiction of the parties and the subject matter is conclusive on the parties and their privies in collateral proceedings, although the record may contain irregularities that would authorize its reversal on direct appeal, applies to the decree of a probate court in regard to the sale of a decedent's property. Therefore, where jurisdictional facts appear in the record of a probate court, its decree cannot be collaterally attacked. The presentation of a petition by an administrator or executor for an order to sell a decedent's realty for the payment of debts confers jurisdiction of the subject matter on the court; and if the petition states enough to require the court to act, the orders of the court in the premises are binding until reversed and cannot be attacked collaterally. Even where the petition is filed by one whose standing as an

administrator is subject to attack, the sale under proceedings instituted by him will not necessarily be void and subject to collateral attack. . . . It has been held that a bill in equity by the heirs of a decedent to partition certain real estate and to remove as clouds on the complainants' title certain deeds of the defendants, acquired by virtue of an administrator's sale of lands belonging to the estate of the decedent, is a collatral attack on the proceedings of the court under which the sale was had.''

In the case of Ragland v. Green, 14 Smedes & M. 194, 22 Miss. 194, the court held that one challenging the acts of an administrator ''must show that the grant of the letters of administration was void; it is not enough to show that the court acted erroneously. The court had jurisdiction of the subject matter, and of the persons. The fact that the existence of a will does not withdraw the estate from its cognizance. . . . If the will be produced after grant of letters of administration, such letters may be revoked, but the acts of the administrator, consistent with law, are confirmed. Hutch. Code, 656. We do not see, then, that this grant of administration can be regarded as void; though there is no doubt it was erroneous, and might have been revoked. If not utterly void, no court is at liberty to disregard the acts of the administrators; they must stand, until set aside by some authorized tribunal.''

It is true that in the instant case the will was produced before the grant of letters of administration, and when the same was thereafter probated there was a revocation of the administration but the court continued to recognize the administratrix theretofore appointed and permitted her to serve during the long period of time covered by the will contest and the sales of the real estate occurred as hereinbefore shown, at a time during which the establishment of the will and the grant of letters testamentary had been superseded on the appeal of the will contest case.

In the case of Giglio v. Woolard, 126 Miss. 6, 88 So. 401, 403, 14 A. L. R. 616, the court upheld the contract of lease made by an unqualified (only seventeen years old) administratrix, and in its opinion therein the Court said: "The appointment of an administrator who has not the necessary qualification is not absolutely void, but only voidable, and the acts of the defacto administrator acting under an appointment of the court is valid to the same extent as the act of a qualified administrator. He is subject to removal, but acts performed between the appointment and the removal are valid, unless they are subject to attack for some matter which would defeat the act of said administrator if he were qualified lawfully to act."

To the same effect is the decision in the case of Peek v. Haardt, 235 Ala. 145, 177 So. 634, 635, 113 A.L.R. 1395, wherein it was held that "a court of general jurisdiction in the matter of granting letters of administration, . . . has the right to determine its jurisdiction in any case where its authority to issue letters of administration is invoked, and, when it has so determined and has issued letters, such letters, until revoked by a competent tribunal on a direct proceeding to that end, are conclusive evidence of the authority of the person to whom they are issued to administer upon the estate of the decedent, and cannot be collaterally assailed." Citing numerous authorities to support such view. And the Court further said in that case that "the entertainment of the petition reciting jurisdictional facts, the rendition of a decree of sale, and further orders and decrees in such proceedings involved a judicial determination of the fact that petitioner was administratrix, as alleged in the petition, and the sale could not be impeached in a collateral proceeding on the ground that petitioner was not in fact administratrix, or that the grant of administration was invalid."

The appellees having prepared their principal brief on this appeal prior to the filing of the brief on behalf of

the appellants, there is no attempt by the appellees in the briefs to answer and distinguish the authorities hereinbefore dicussed and cited in the brief of the appellant so as to show that they are inapplicable to the issue here involved as to whether or not this collateral attack by the ejectment suit can be maintained under authority of law.

By the judgment in ejectment herein appealed from the trial court adjudged that the plaintiffs should recover possession of an undivided five-fourteenths interest in the lot in question and the sum of $897.63 as rent for the use and occupation of their interest in the property since the date of the filing of the will with the Clerk on October 13, 1938, and evidently upon the theory the widow was entitled to the other nine-fourteenths undivided interest, as representing a half interest in the property left by her deceased husband plus any lapsed legacies under the will. Under this judgment the appellant David B. Gill would lose the $1,400.00 paid by him at the administratrix' sale of the lot in question, and the appellees, as the plaintiffs in the ejectment suit would by means of this collateral attack upon the sale made by the Chancery Court be permitted to receive the undivided interest awarded them by the judgment herein appealed from, free of the debts of the estate which were paid in part from the proceeds of this particular sale by the Chancery Court, although their right under Section 594, Code of 1942, to have prevented the sale by giving bond to pay the debts which were a lien against the property, was fully recognized by the Chancery Court in the decree of April 8, 1941, ordering such sale.

We are of the opinion that the judgment of the trial court should be reversed and the proceeding in ejectment dismissed on the ground, first, that the orders and decrees providing for the sales of the real estate of the testator for the purpose of paying the debts of the estate were not absolutely void even if they were voidable and were not therefore subject to this collateral attack, and

being unappealed from were res judicata of the matters therein adjudicated; second, that the appellees are barred from bringing this suit by Section 745, Code of 1942, under the proof contained in the record now before us; and, ██ ██ third, that the appellees were estopped to bring the ejectment suit by reason of the fact that they petitioned for and obtained an adjudication in the case of Johnson v. Hilton, as reported in 197 Miss. 400, 19 So. (2d) 694, as aforesaid, that the executrix under the will was entitled to receive on behalf of all the deviseees the net proceeds of such sales from the administratrix after the debts of the estate and the expenses of the administration had been paid, and which net proceeds were thereafter paid to the clerk for the executrix to be distributed according to law among the widow of the testator and the devisees under the will; and for the further reason that they were parties to the proceeding for the approval of the final account of the administration, showing the distribution of the proceeds of such sales and did not appeal from the decree in that behalf but permitted such proceeds to be distributed in the payment of the debts and the expenses of the administration under such circumstances as to render the confirmation of the sales and the approval of the final account to be final decrees, after having failed to give the bond provided by law to prevent such sales and for the payment of the claims. We base our opinion that the question at issue is res judicata not on the decision of the case of Johnson v. Hilton, supra, but upon the fact that the decrees of the Chancery Court in ordering the sales, confirming the same, and approving the final account of the administratrix showing the distribution of the proceeds, to which proceedings the plaintiffs were served with process or entered their appearance, were unappealed from, the petition in the case of Johnson v. Hilton being a separate and subsequent proceeding following the confirmation of the sales, approval of the final account, and the

expiration of the time allowed by law for an appeal therefrom.

Reversed and judgment here for the appellants.