Mary George RIVES, As Guardian for her Minor Children, Mary Donna Rives, Gennifer George Rives, As Trustee of the Testamentary Trust of Don Shurden Rives, Sr., Deceased, for the benefit of his minor children, Mary Donna Rives, Gennifer George Rives, and Don Shurden Rives, Jr., Plaintiff-Appellant,

v.

The FRANKLIN LIFE INSURANCE COMPANY and The Equitable Life Assurance Society of the United States, Defendants-Appellees.

No. 85–4778.

United States Court of Appeals, Fifth Circuit.

June 27, 1986.

Herzfeld & Rubin, Martin S. Friedlander, David E. Wheeler, Los Angeles, Cal., for plaintiff-appellant.

Heidelberg, Southerland & McKenzie, D. Gary Sutherland, Joseph A. O'Connell, Hattiesburg, Miss., for defendants-appellees.

Before RUBIN, POLITZ, and JOHNSON, Circuit Judges.

JOHNSON, Circuit Judge.

The plaintiff Mary Rives appeals from an order of the federal district court staying proceedings pending appointment of a successor trustee by a Mississippi chancery court. Finding Rives' contentions on appeal compelling, we vacate the order of the district court and remand the case for further proceedings.

## I.

Prior to his death in 1981, Don Rives acquired two $600,000 life insurance policies, one from Franklin Life Insurance Company ("Franklin") and the other from Equitable Life Assurance Society of the United States ("Equitable"). Both policies named Don Rives' minor children as beneficiaries upon attaining the age of twenty-one.[1] Don Rives' will, however, required that the insurance policy proceeds be placed in trust for the benefit of his children. Under the terms of Rives' will, each child would gain access to his or her pro rata share of the insurance proceeds upon attaining the age of thirty-five.

The Chancery Court of Winston County, Mississippi,[2] probated Rives' will on October 14, 1981. Because the executor-trustee and substitute executor-trustee named in Rives' will had both resigned, the chancery court appointed the First United Bank of Mississippi ("First United") to serve as the Administrator De Bonis Non with Will Annexed of the will.

On March 7, 1984, Rives' minor children, his wife Mary Rives, and First United filed a petition in chancery court seeking the appointment of Mary Rives as trustee. In this sworn petition, First United stated that it had elected not to pursue the proceeds of Don Rives' Equitable life insurance policy. First United further stated that because Mary Rives had "demonstrated her interest in the claim against Equitable, she should be appointed trustee for the purpose of prosecuting the suit against Equitable in conjunction with a suit against Franklin Life...." Attached to the petition was a copy of Don Rives' will in which Rives expressed his desire that his wife Mary Rives "never act as trustee" and "never have any control over the trust for said children." Despite the will's clear language, the chancery court, in a decree filed on March 15, 1984, appointed Mary Rives "as Trustee of the claim against Equitable...."

On April 11, 1984, Mary Rives, acting in her representative capacities as guardian and trustee, filed the instant suit in the Circuit Court of Winston County seeking to recover the benefits due under both the Franklin and Equitable policies. After having removed the case to federal district court, the defendants, Franklin and Equitable, filed a joint answer denying liability. Defendants then filed a motion to dismiss asserting that Mary Rives lacked the legal capacity to serve as trustee and that a proper trustee of the testamentary trust was a necessary and indispensable party. In the alternative, defendants sought an order requiring substitution of a proper testamentary trustee in the place of Mary Rives and joinder of First United as an indispensable party plaintiff.

The district court, after concluding that Mississippi law precluded Mary Rives from serving as trustee, held that "before the controversy raised by the pleadings in this action can be litigated, a properly appointed and qualified trustee must assume the role now held by Mary George Rives." Rather than dismiss the case, however, the district court stayed proceedings pending appointment of an appropriate trustee by the Mississippi chancery court. The district court

---

1. Equitable has produced a typewritten unsigned document purporting to change the beneficiary of the Equitable policy to the trustee of the trust created by Rives' will. The effect of this document is unclear given a provision in the Equitable policy that written notice is required to change the policy's beneficiary designation.

2. The Chancery Court of Winston County, Mississippi, will be herein referred to as the chancery court; the federal district court from which the instant appeal is made will be herein referred to as the district court.

held that upon appointment, the trustee would be joined as an indispensable party plaintiff. The district court also held that as administrator of the estate, First United must be joined as an indispensable party plaintiff.[3] Mary Rives' motion to alter or amend the order was rejected and this appeal followed.

II.

As a preliminary matter, we must determine whether the district court order challenged by Mary Rives is appealable. Rives contends that the order is appealable under the *Cohen* collateral order doctrine. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). To come within the small class of decisions appealable under the collateral order doctrine, an order must (1) conclusively determine the disputed question; (2) resolve an important or serious and unsettled question; (3) which is completely separate from the merits of the action; and (4) be effectively unreviewable on appeal from a final judgment. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 935, 74 L.Ed.2d 765 (1983) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)). We conclude that all four requirements are satisfied by the order involved in the instant case.

The district court order, undoubtedly, resolved questions completely separate from the merits of this lawsuit. Central to the district court's order was its determination that the chancery court erred in appointing Mary Rives trustee. The critical issue on appeal is whether Federal Rules of Civil Procedure 17 and 19 authorized the district court to reject the Mississippi chancery court decree appointing Rives. The disputed issue in the underlying lawsuit, in contrast, is whether defendants are liable on the insurance contracts issued to Don Rives.

The issue resolved by the district court order is also sufficiently important to be appealable under *Cohen.* In particular, this Circuit has yet to examine the effect of a district court's authority under Rules 17 and 19 on its statutory full faith and credit obligations under 28 U.S.C. § 1738. Moreover, given the district court's refusal to reconsider its order in response to Mary Rives' motion to amend, it appears that the issue has been "conclusively" resolved.

Whether the district court's order can be effectively reviewed on appeal from a final judgment presents a more difficult question. Even if the district court's order is presently unreviewable, Rives will continue to participate in this action as guardian of her minor children. A successor trustee, once appointed by the chancery court, would be joined as an additional party plaintiff. Were Mary Rives' right to prosecute this action as the sole plaintiff the only interest implicated, we would have little difficulty finding that the district court's order could be effectively reviewed following a final judgment.[4] *Cf. Brown v. New Orleans Clerks and Checkers Union*, 590 F.2d 161 (5th Cir.1979) (order granting intervention capable of effective review on appeal); *Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1325 (10th Cir.1978) (joinder order could be effectively reviewed on appeal from a final judgment).

However, the district court's order also affects interests protected by the full faith and credit doctrine. In particular, the full faith and credit doctrine is designed to prevent just the sort of conflict between different judicial systems present in the instant case. If the district court order is presently unreviewable, this case cannot proceed until the Mississippi chancery court, in conformance with the dictates of the federal district court, removes Mary Rives as trustee and appoints a successor

3. This aspect of the district court's order is not challenged on appeal.

4. Regardless of the outcome of this appeal, Mary Rives will not be the sole plaintiff since the district court has also ordered that First United be joined as a necessary party plaintiff.

trustee. Any resulting damage to principles underlying full faith and credit will be accomplished long before final judgment is rendered. Thus, in order to fully and effectively review Mary Rives' full faith and credit claim, immediate review is necessary.

III.

■ Having concluded that the order is an appealable collateral order, we proceed to Rives' contention that the federal district court was bound by the Mississippi chancery court decree appointing her trustee. According to Rives, the district court order staying proceedings pending appointment of a successor trustee constituted an improper collateral attack on the chancery court decree. We agree.

Title 28 U.S.C. § 1738 requires federal courts to give Mississippi decrees "the same full faith and credit they have by law or usage in the courts of [Mississippi]." Under section 1738, the decree appointing Mary Rives trustee was to be given the same effect in federal district court as in the Circuit Court of Winston County, Mississippi, where Rives originally filed the instant suit. If defendants could not have collaterally attacked the decree in Mississippi court, they could not do so in federal court. *See Fehlhaber v. Fehlhaber,* 681 F.2d 1015, 1020 (5th Cir.1982).

The district court in the instant case concluded that the Mississippi chancery court had erred in appointing Mary Rives trustee. In particular, the district court concluded that the chancery court had failed to give proper effect under Mississippi law to Don Rives' expressed intent that Mary Rives not serve as trustee. Under Mississippi law, however, a chancery court decree cannot be collaterally attacked based on alleged errors in legal judgment. *See Fondren v. Bank of Franklin,* 187 So.2d 304, 306 (Miss.1966); *Beckett v. Howarth,* 237 Miss. 394, 115 So.2d 48, 51 (1959). Rather, a Mississippi chancery decree is subject to collateral attack only if void. *See generally Jones v. Goolsby,* 218 Miss. 847, 68 So.2d 89 (1953); *Gill v. Johnson,* 206 Miss. 707, 40 So.2d 600 (1949); *Coglan v. Coglan,* 196 Miss. 492, 18 So.2d 149 (1944). The decree appointing Mary Rives trustee was entered by a chancery court with appropriate jurisdiction and was, therefore, facially valid.[5] *See* Miss.Code Ann. § 91–9–211 (1972). Since the decree appointing Mary Rives trustee would not have been subject to collateral attack by defendants in Mississippi state courts, it was not subject to collateral attack in federal court.

■ We note in this regard that federal courts do not sit in review of state court decisions on matters of state law. *See Sitton v. United States,* 413 F.2d 1386, 1389 (5th Cir.1969), *cert. denied,* 397 U.S. 988, 90 S.Ct. 1118, 25 L.Ed.2d 395 (1970) (federal courts have no authority to act as an appellate arm of the state courts); *Resolute Insurance Co. v. North Carolina,* 397 F.2d 586, 589 (4th Cir.), *cert. denied,* 393 U.S. 978, 89 S.Ct. 446, 21 L.Ed.2d 439 (1968) (federal district courts do not act in essentially appellate capacity to review a state court decision alleged to be erroneous). In the instant case, the Mississippi chancery court made a decision under Mississippi law to appoint Mary Rives trustee. The federal district court was without authority to reject that decision.[6]

5. Under Mississippi law, an interested party can also collaterally attack a chancery court decree on the basis of extrinsic fraud. *LaMar v. Houston,* 183 Miss. 260, 184 So. 293 (1938); *see also Jones v. Goolsby,* 218 Miss. 847, 68 So.2d 89, 93 (1953). However, the district court decision was not based on fraud. Moreover, defendants are not interested parties with standing to assert fraud. While defendants have an interest in denying liability to the trustee, they have no proper "interest" in the identity of the trustee or the administration of the trust.

6. Several other courts have also applied full faith and credit principles in refusing to permit collateral attacks on state court decrees similar to the decree appointing Mary Rives trustee. *See, e.g., Hurt v. Cotton States Fertilizer Co.,* 159 F.2d 52, 60 & n. 14 (5th Cir.), *cert. denied,* 331 U.S. 828, 67 S.Ct. 1351, 91 L.Ed. 1843 (1947); *Norton v. Austin National Bank,* 557 F.2d 1061 (5th Cir.1977), *cert. denied,* 434 U.S. 1014, 98 S.Ct. 729, 54 L.Ed.2d 758 (1978).

Contrary to defendants' claim, Fed. R.Civ.P. 17(b) did not authorize the federal district court to examine whether the chancery court erred in appointing Mary Rives trustee. Rule 17(b) authorizes district courts to determine the capacity of an individual acting in a representative capacity to bring a particular suit. Thus, in the instant case, Rule 17(b) authorized an inquiry into whether (1) a Mississippi state court had appointed Mary Rives trustee, and (2) whether as trustee she was authorized by law to bring this action. Rule 17(b) did not authorize an otherwise impermissible collateral attack on the state court decree appointing Rives trustee. *Cf. Danos v. Waterford Oil Co.,* 266 F.2d 76, 77–78 (5th Cir.1959) ("the defendants' motion is not a collateral attack on the appointment of the administrator but goes only to his capacity to sue."); *Atchison, Topeka & Santa Fe Railway Co. v. Preston,* 257 F.2d 933, 935 (10th Cir.1958) (right of administratrix to maintain action not subject to challenge on collateral ground of failure to adhere to state oath requirements). Consequently, Rule 17(b) did not authorize the district court to inquire into whether the decree was correct as a matter of Mississippi law.

Neither did Fed.R.Civ.P. 19 considerations broaden the scope of the Rule 17 inquiry to permit the district court to examine whether the chancery court erred in appointing Mary Rives trustee. Under Rule 19, a district court may require the joinder of any party whose absence might be prejudicial to those already parties. To the extent that the trustee to Don Rives' testamentary trust is a necessary party, Mary Rives as trustee, is already a party. Moreover, defendants' claim that Rives susceptibility to later removal as trustee subjects defendants to risk of multiple or inconsistent obligations is without merit. As a general rule:

the judgment of any court of competent jurisdiction, so long as it remains unre-

versed, is conclusive upon the parties and their privies when the judgment is rendered upon the merits, and without fraud or collusion, upon a matter within the jurisdiction of the court rendering the judgment.

*In re Estate of Perini,* 34 Colo.App.2d 201, 526 P.2d 313, 314 (1974). Although we are aware of no Mississippi case on point, the well established rule is that a successor fiduciary of an estate is in privity with his predecessor. *See, e.g., First National Bank of Holdenville v. Ickes,* 154 F.2d 851, 853 & n. 9 (D.C.Cir.1946) (privity is the mutual or successive relationship to the same rights of property); *In re Estate of Perini,* 34 Colo.App. 201, 526 P.2d 313, 314 (1974) (successor fiduciary of an estate is in privity with his predecessor); *Williams v. Brannen,* 75 Ga.App. 773, 44 S.E.2d 493, 499 (1947); *Wilson-Harris v. Southwest Telephone Co.,* 193 Okl. 194, 141 P.2d 986, 990 (1943) (administratrix is in privity with predecessor in office and is concluded by a judgment against him). Thus, a judgment in the district court in the instant case for or against Mary Rives as trustee will be res judicata against any hypothetical successor trustee.[7] *See, e.g., Succession of Spyker,* 159 So. 347 (La.Ct.App.1935); *Coward v. Partin,* 148 Fla. 448, 4 So.2d 672 (1941).

## IV.

For the foregoing reasons, the order of the district court is VACATED and the case REMANDED for further proceedings not inconsistent with this opinion.

**VACATED and REMANDED**

---

7. Defendants argue that a successor trustee is only bound by the acts of a predecessor lawfully performed within the scope of the predecessor's duties. This argument, however, is of no assistance to defendants since Mary Rives, acting

pursuant to a valid decree appointing her trustee, is authorized by Mississippi law to bring this action. *See* Miss.Code Ann. § 91–9–107(y) (1972). Thus, Rives, as trustee, is in fact acting lawfully within the scope of her duties.