Mr. Justice Clayton
delivered the opinion of the court.
The bill in this case was filed by the appellant, to recover certain land and .slaves, under the will of his grandfather. We shall make no formal abstract of the proceedings, but will advert only to such parts as in our view are necessary to elucidate the conclusion.
The demurrer of Green and wife, and of all those holding possession of the land, was properly sustained. The will, under which the complainant set up claim, was proven only by one witness. As an incipient probate, one witness might have been sufficient; but in any controversy respecting the title of the land, it must be shown that the will was established by the requisite number of witnesses. Again, the legal title alone was in controversy ; the party therefore had a full, ample and complete remedy at law, and there seems to have been no special reason for coming into equity.
A part of the defendants who were proceeded against for the slaves, also demurred. That demurrer was likewise properly sustained. The bill showed that, after the original probate of the will by a single witness, the court of probates set aside the will, and granted letters of administration on the estate. These letters were granted to the widow, and to G. M. Allen; the former of whom was appointed executrix, under the will. The estate then passed through the regular forms of administration; it was sold by virtue of an order of the orphan’s court, the assets appropriated, the administration account finally settled, and the distributive shares paid over,— that of the complainant to his guardian. This court had exclusive jurisdiction of matters, testamentary and administrative. All these proceedings were *200 irregular and erroneous, but it by no means follows that a court of equity can apply a corrective.
If the probate of the will were originally valid, as to the personalty, and the order setting aside the probate were void, the complainant has made but one step in his progress to relief. He must show that the grant of the letters of administration was void; it is not enough to show that the court acted erroneously. The court had jurisdiction of the subject-matter, and of the persons. The fact of the existence of a will does not withdraw the estate from its cognizanc.e. If the executor will not act, it becomes its duty to appoint an administrator, with the will annexed. If a will be produced after grant of letters of administration, such letters may be revoked, but the acts of the administrator, consistent with law, are confirmed. Hutch. Code, 656. We do not see, then, that this grant of administration can be regarded as void; though there is no doubt it was erroneous, and might have been revoked. If not utterly void, no court is at liberty to disregard the acts of the administrators; they must stand, until set aside by some authorized tribunal. The court of chancery has no power to set aside their acts, or to reverse the action of the orphan’s court. The defendants derive title, either mediately or immediately, from the administrators of the estate, who sold the property under orders of the court. They have right therefore to insist, that these acts on the part of the administrators, if not valid, were at least not void, and to question the right of a court of chancery to interpose. See Sutherland v. Scott, adm'r., MS. opinion this term of court.
Under any possible view of the case, equity could not grant relief to the complainant, without requiring him to do equity. That equity would be that he must pay the debts of the testator, or at least his share of them, before he could recover his legacies. If the administrators, in good faith, under the sanction of the court, applied the assets to the payment of the debts, they are certainly in no worse condition than would be an executor deson tort. Even such an one would be entitled to a credit for all just and proper payments. Hill v. Henderson, 13 S. & M. 688. Those who purchased from these administrators, in the course of their *201 irregular administration, are entitled to stand in their place. If their money went to pay debts of the estate, for which the property in dispute was bound, they are justly entitled to reimbursement, before the property is taken from them. This would render an account necessary, and that account would of necessity embrace the whole course of administration. Such account the court of chancery has no jurisdiction to order, according to the repeated decisions of this court. The court of probates alone has jurisdiction of suits to recover legacies and distributive shares, (Hutch. Code, 665,) where the proceeding is against the, representative. Here the claim is through the will, and must be through an administration.
The decree, dismissing the bill, is affirmed.