# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-00699-SCT

*NATIONAL HERITAGE REALTY, INC., MARINER HEALTH CARE, INC. f/k/a MARINER POST-ACUTE NETWORK, INC., GRANCARE, INC., EVERGREEN HEALTHCARE, INC., GEORGE D. MORGAN, J. D. LEE, ANGELA M. WHITTINGTON AND CHUCK (CHARLES) SINCLAIR*

*v.*

*ESTATE OF EVA BOLES, DECEASED, ELIZA PRICE, ADMINISTRATRIX*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/14/2005 |
| TRIAL JUDGE: | HON. JON M. BARNWELL |
| COURT FROM WHICH APPEALED: | TALLAHATCHIE COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | L. CARL HAGWOOD |
| | FAYE MURPHREE JAMES |
| ATTORNEYS FOR APPELLEE: | SUSAN NICHOLS ESTES |
| | DOUGLAS BRYANT CHAFFIN |
| | KENNETH LUKE CONNOR |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND RENDERED - 09/07/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2005-IA-00750-SCT

*NATIONAL HERITAGE REALTY, INC., MARINER HEALTH CARE, INC. F/K/A MARINER POST-ACUTE NETWORK, INC., GRANCARE, INC., EVERGREEN HEALTHCARE, INC., GEORGE D. MORGAN, J. D. LEE, ANGELA M. WHITTINGTON AND CHUCK (CHARLES) SINCLAIR*

**v.**

*ESTATE OF EVA BOLES, DECEASED, ELIZA PRICE, ADMINISTRATRIX*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/03/2005 |
| TRIAL JUDGE: | JON M. BARNWELL |
| COURT FROM WHICH APPEALED: | TALLAHATCHIE COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | L. CARL HAGWOOD |
| | FAYE MURPHREE JAMES |
| ATTORNEYS FOR APPELLEE: | SUSAN NICHOLS ESTES |
| | DOUGLAS BRYANT CHAFFIN |
| | KENNETH LUKE CONNOR |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND RENDERED - 09/07/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

# CONSOLIDATED WITH

# NO. 2005-IA-00909-SCT

*NATIONAL HERITAGE REALTY, INC., MARINER HEALTH CARE, INC. F/K/A MARINER POST-ACUTE NETWORK, INC., GRANCARE, INC., EVERGREEN HEALTHCARE, INC., GEORGE D. MORGAN, J. D. LEE, ANGELA M. WHITTINGTON AND CHUCK (CHARLES) SINCLAIR*

**v.**

*THE ESTATE OF EVA BOLES BY AND THROUGH*
*ELIZA PRICE, ADMINISTRATRIX OF THE ESTATE*
*OF EVA BOLES, FOR THE USE AND BENEFIT OF*
*THE ESTATE OF EVA BOLES, AND FOR THE USE*
*AND BENEFIT OF THE WRONGFUL DEATH*
*BENEFICIARIES OF EVA BOLES*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/01/2005 |
| TRIAL JUDGE: | MARGARET CAREY McCRAY |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | L. CARL HAGWOOD |
| | FAYE MURPHREE JAMES |
| ATTORNEYS FOR APPELLEE: | SUSAN NICHOLS ESTES |
| | DOUGLAS BRYANT CHAFFIN |
| | KENNETH LUKE CONNOR |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND RENDERED - 09/07/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

## PROCEDURAL HISTORY

¶1.     This case involves the consolidation of three interlocutory appeals from Tallahatchie and Leflore Counties, Mississippi.   The interlocutory appeals arise from the opening of an estate in the Chancery Court of the Second Judicial District of Tallahatchie County, which was later closed and transferred to Leflore County, and the filing of a wrongful death lawsuit in the Circuit Court of Leflore County.   The Honorable Jon M. Barnwell was the chancellor presiding in this estate matter in both Tallahatchie and Leflore Counties.

¶2.     Eva Boles (Boles) died on January 25, 2001, in Leflore County.   Boles resided at the Greenwood Health & Rehabilitation Center (Greenwood Health) for more than four years

3

prior to her death and at the time of her death. On October 3, 2001, Eliza Price (Price) filed a petition for appointment as administratrix of the Estate of Eva Boles (the Estate) in the Chancery Court of the Second Judicial District of Tallahatchie County, Mississippi. On October 19, 2001, the chancellor appointed Price as the administratrix of the Estate. On January 28, 2002, Price filed a complaint against National Heritage Realty, Inc.; Mariner Health Care, Inc. f/k/a/ Mariner Post - Acute Network, Inc. (Mariner); Grancare, Inc.; Evergreen Healthcare, Inc.; George D. Morgan; J. D. Lee; Angela M. Whittington; and Chuck (Charles) Sinclair, (collectively "Defendants"), in the Circuit Court of Leflore County, Mississippi. The complaint alleged that Boles suffered an injury as a result of inadequate care by the staff of Greenwood Health. On December 18, 2002, the Estate filed an amended complaint.

¶3.     On January 13, 2005, the Defendants filed a motion to render the order appointing Price as administratrix of the Estate, void ab initio in the Tallahatchie County Chancery Court. The basis of the motion was that Boles was a resident of Leflore County at the time of her death, not Tallahatchie County. On January 28, 2005, the chancellor conducted a hearing and requested that the parties submit briefs on the issues before the chancery court. Thereafter, on February 2, 2005, the Estate filed a petition for appointment of administratrix in the Chancery Court of Leflore County. On February 3, 2005, the Tallahatchie County Chancery Court transferred administration of the Estate to Leflore County and closed the Estate in Tallahatchie County. On the same day, the Leflore County Chancery Court entered an order granting Price's petition for appointment as administratrix of the Estate. On February 28, 2005, the Tallahatchie County Chancery Court entered the order transferring the Estate to Leflore

4

County Chancery Court and closing the Tallahatchie County case. The Defendants asserted that they never knew of the Estate's transfer from Tallahatchie to Leflore County until the order was filed on February 28, 2005. Thereafter, the Defendants filed a motion requesting order certifying issues for interlocutory appeal. On March 14, 2005, the Chancery Court of Tallahatchie County entered an order which granted the Defendants' motion to certify issues for interlocutory appeal. The Chancery Court of Tallahatchie County also denied the Defendants' previous motion to render the order appointing Price as administratrix of the Estate void ab initio.

¶4. The Defendants filed a notice of appeal to this Court on March 30, 2005. This notice of appeal concerned the Tallahatchie County Chancery Court order which transferred the Estate from Tallahatchie County to Leflore County and closed the Tallahatchie County estate case. This Court assigned the appeal number as 2005-IA-00750-SCT.

¶5. On April 6, 2005, the Defendants filed a second petition for interlocutory appeal with an additional emergency request for stay. The second interlocutory appeal concerned (1) the February 28, 2005, Tallahatchie County Chancery Court order which transferred administration of the Estate to Leflore County and closed the Tallahatchie County estate, (2) the March 14, 2005, Tallahatchie County Chancery Court order that denied the Defendants' previous motion to render the order appointing Price as administratrix void ab initio, and (3) a request for stay of the Leflore County Circuit Court lawsuit that was set for trial on May 16, 2005. On April 15, 2005, this Court granted the second petition for interlocutory appeal and the emergency request to stay the scheduled Leflore County Circuit Court lawsuit trial. This interlocutory appeal was assigned appeal number 2005-IA-00699-SCT.

¶6. This Court's April 15, 2005, order also consolidated the March 30, 2005, notice of appeal, assigned appeal number 2005-IA-00750-SCT, with the second interlocutory appeal, assigned appeal number 2005-IA-00699-SCT. On June 22, 2005, this Court denied the Plaintiffs' motion to reconsider granting the interlocutory appeal and emergency stay.

¶7. While the Defendants pursued their notice of appeal and petition for interlocutory appeal and emergency stay with this Court, they also pursued a motion for summary judgment in the Leflore County Circuit Court lawsuit. On March 15, 2005, the Defendants filed a motion for summary judgment on the basis that Price, as administratrix, had no authority as a matter of law to file or maintain the wrongful death lawsuit in Leflore County. The basis of the argument was that Price was not a statutory wrongful death beneficiary pursuant to the wrongful death statute, Miss. Code Ann. § 11-7-13 (1972), because she was not a spouse, child, parent, or sibling of Boles. Price was Boles's cousin. In addition, the Defendants argued that the opening of the Estate and the appointment of Price as administratrix in the Tallahatchie County Chancery Court was void ab initio for failure to meet the jurisdictional requirements of Miss. Code Ann. § 91-7-63 (Rev. 2004). Leflore County Circuit Court Judge Margaret Carey-McCray denied the Defendants' motion for summary judgment without opinion. Thereafter, the Defendants filed another petition for interlocutory appeal on the summary judgment decision, assigned appeal number 2005-IA-00909-SCT. On June 2, 2005, this Court also granted this petition for interlocutory appeal and consolidated it with appeal numbers 2005-IA-00750-SCT and 2005-IA-00699-SCT.

6

## FACTS

¶8.   Eva Boles died on January 25, 2001, in Leflore County, Mississippi.   At the time of her death, Boles was a resident of Greenwood Health in Leflore County, Mississippi.   Boles had resided at Greenwood Health more than four years prior to her death from June 27, 1996 to January 25, 2001.   Prior to her residence at Greenwood Health, Boles resided in Tallahatchie County, Mississippi.

¶9.   After Boles's death, Price, a cousin, filed a petition for appointment as administratrix and for letters of administration for the Estate in the Chancery Court of the Second Judicial District of Tallahatchie County, Mississippi.   In the petition, Price alleged that Boles resided in Tallahatchie County at the time of her death.   However, the record reflects that the place of death and the nursing home facility later was determined to be located in Leflore County, not Tallahatchie County.   The reason for opening an estate given in the petition stated:

> As a result of alleged inadequate care in a nursing home facility located in Tallahatchie County, Mississippi, the Decedent died on January 25, 2001, and a resulting cause of action has accrued on behalf of Petitioner, Eliza Price. Therefore, it is necessary that [an] estate be opened in order that such a cause of action may be prosecuted.

The petition also stated that "[t]here are no other real or personal assets of the Estate of Eva Boles other than this potential claim against the nursing home."   As such, Boles died owning no real or personal property in Tallahatchie County.   The Tallahatchie County Chancery Court granted Price's petition for appointment of administratrix and for letter of administration on October 9, 2001.   Once Price was appointed administratrix, Price, on behalf of the Estate, filed a complaint in the Circuit Court of Leflore County, Mississippi on January 28, 2002.   The complaint alleged negligence, medical malpractice, malice and/or gross

7

negligence, fraud, breach of fiduciary duty, statutory survival claim, and statutory wrongful death. The Estate sought compensatory and punitive damages for Boles's injuries. An amended complaint was filed on December 18, 2002. The amended complaint alleged the same causes of action and sought the same relief as the original complaint. In their answers to the amended complaint, the Defendants asserted the issue of jurisdiction or capacity and standing to sue.

¶10. Later, the Defendants filed a motion to render the order appointing Price as administratrix of the Estate to be void ab initio in the Tallahatchie County Chancery Court. Price then sought to transfer the Estate to Leflore County. The Tallahatchie County Chancery Court closed the Estate and transferred administration of the Estate to Leflore County. The Leflore County Chancery Court ratified Price's prior actions. The order stated:

> [T]hat the actions taken by Eliza Price as Administratrix of the Estate of Eva Boles under authority of the Chancery Court of Tallahatchie County, Mississippi, be, and the same are hereby, confirmed and ratified, or as necessary authorized nunc pro tunc.

The Tallahatchie County Chancery Court denied the Defendants' motion to render the order appointing Price, as administratrix of the Estate, void ab initio. However, the Tallahatchie County Chancery Court granted the Defendants' motion to certify this issue for interlocutory appeal.

¶11. Concurrent with the chancery court proceedings, the Defendants filed a motion for summary judgment with the Leflore County Circuit Court on March 15, 2005. The motion for summary judgment asserted that (1) Price was not a statutorily wrongful death beneficiary, and (2) the Tallahatchie County Chancery Court lacked subject matter jurisdiction to appoint Price

as administratrix. Miss. Code Ann. § 11-7-13 lists statutory wrongful death beneficiaries to be a spouse, child, parent, or sibling of a decedent. Price was Boles's cousin. Consequently, the Defendants argued that Price's appointment and opening of the Estate was void ab initio, therefore, Price lacked authority to file or maintain the wrongful death lawsuit in circuit court as a matter of law. The Defendants attached the affidavit of Roy Dumas (Dumas), previously filed in their motion to render the order appointing administratrix void ab initio in the Tallahatchie County Chancery Court, with their Leflore County Circuit Court motion for summary judgment. Dumas, a regional vice-president of operations for Mariner Healthcare, Inc., stated in his affidavit that Boles was a resident of Greenwood Health, located in Leflore County, on or about June 27, 1996 until her death on January 25, 2001. Dumas also stated:

> That while a resident at this nursing home facility in Greenwood, Leflore County, Mississippi, that this was her permanent place of residence where she could and did receive mail, could establish that as her place of residence where she could exercise her right to vote, and was her place of residence for the receipt of Medicaid/Medicare benefits.

The Circuit Court of Leflore County denied the Defendants' motion for summary judgment without opinion. Thereafter, the Defendants filed their petition for interlocutory appeal with this Court. This Court granted and consolidated the three interlocutory appeals, 2005-IA-00750-SCT; 2005-IA-00909-SCT; and 2005-IA-00699-SCT, from the Tallahatchie County Chancery Court and the Leflore County Circuit Court decisions. *See* M.R.A.P. 5.

¶12. The issues presented on appeal by the Defendants and the Plaintiff have been recast as follows:

    **I.**     **Whether the Defendants have standing to challenge the creation of the Estate.**

9

**II. Whether Boles's residence was in Tallahatchie County or Leflore County.**

**III. Whether Price erred by opening the Estate in Tallahatchie County and whether the Tallahatchie County Chancery Court erred by transferring the Estate from Tallahatchie to Leflore County Chancery Court.**

**IV. Whether the Leflore County Circuit Court erred by denying the Defendants' motion for summary judgment.**

## DISCUSSION

### I. Creation of the Estate

¶13. The Estate argues that the Defendants cannot challenge the creation of the Estate. This argument is based on two assertions (1) the Mississippi Constitution of 1890 provides the jurisdictional parameters of the chancery and circuit courts, and (2) the Defendants lack standing to challenge the creation of the Estate.

### A. Jurisdiction

¶14. The Estate relies upon the Mississippi Constitution of 1890, art. 6, § 156 for its argument that the circuit court has no authority, jurisprudentially and constitutionally, to invalidate the chancery court's decisions with respect to the Estate. The Estate argues that the circuit court correctly denied the Defendants motion for summary judgment since estate matters are not within a circuit court's jurisdiction. Therefore, a circuit court cannot declare the establishment of an estate and issuance of letters of administration void.

¶15. In *Georgia-Pacific Corp. v. Mooney*, 909 So. 2d 1081, 1086-87 (Miss. 2005), this Court set forth the jurisdictional parameters of the chancery and circuit courts in this State, stating:

10

Jurisdiction is a question of law, and this Court reviews questions of law de novo. **Burnette v. Hartford Underwriters Ins. Co.**, 770 So. 2d 948, 951 (Miss. 2000). *See also* **Rogers v. [Eaves]**, 812 So. 2d 208, 211 (Miss. 2002). The Mississippi Constitution of 1890 Art. 6, § 159 sets the jurisdictional parameters of the chancery court and states:

> The chancery court shall have full jurisdiction in the following matters and cases, viz.:
>
> (a) All matters in equity;
> (b) Divorce and alimony;
> (c) Matters testamentary and of administration;
> (d) Minor's business;
> (e) Cases of idiocy, lunacy, and persons of unsound mind;
> (f) All cases of which the said court had jurisdiction under the laws in force when this Constitution is put in operation.

[emphasis omitted]. Miss. Code Ann. § 9-5-81 (Rev. 2002) also provides jurisdiction to the chancery court and states:

> The chancery court in addition to the full jurisdiction in all the matters and cases expressly conferred upon it by the constitution shall have jurisdiction of all cases transferred to it by the circuit court or remanded to it by the supreme court; and such further jurisdiction, as is, in this chapter or elsewhere, provided by law.

In contrast, the Mississippi Constitution of 1890, Article 6, § 156 provides that "[t]he circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court, and such appellate jurisdiction as shall be prescribed by law." Miss. Const. of 1890 art. 6, § 156. Therefore, while chancery courts have jurisdiction of all matters in equity, circuit courts are courts of general jurisdiction. **Lawrence County Sch. Dist. v. Brister**, 823 So. 2d 459, 460 (Miss. 2001).

¶16. The Estate is correct in its argument that the chancery court is vested with jurisdiction of matters testamentary and of administration, like the administration of estates, in the chancery courts of this State. *See* Miss. Const. art. 6, § 159. The Defendants pursued an action in the Tallahatchie County Chancery Court to declare the Estate void ab initio. The

Tallahatchie County Chancery Court denied this motion and transferred the Estate to the Leflore County Chancery Court. The Defendants petitioned and were granted interlocutory appeal by this Court on the chancery court decision. The Defendants also petitioned and were granted interlocutory appeal by this Court on the circuit court's denial of their motion for summary judgment. Both these issues are before this Court on two separate interlocutory appeals which have been consolidated for appeal purposes by this Court. We will address whether the Defendants have standing to maintain their action in the standing portion of this issue.

### B. Standing

¶17. The Estate argues that the Defendants lack standing to challenge the chancery court's actions regardless of the whether the Defendants choose to challenge to the chancery court actions in circuit court or chancery court. The Estate maintains that the Defendants are potential debtors and not heirs or creditors of the Estate, therefore, they lack standing to challenge the Tallahatchie County Chancery Court actions. The Estate relies on *In re Estate of Johnson*, 779 So. 2d 164, 166 (Miss. Ct. App. 2000) and M.R.C.P. 24 dealing with intervention. This case will be discussed in further detail below.

¶18. The Defendants argue that as to the chancery court matter, the chancellor never determined them to be without standing. Indeed, the chancellor merely denied the motion to declare the Estate void ab initio and certified the jurisdictional issue for interlocutory appeal without addressing standing. The Defendants also assert that the chancellor ratified their appearance in the chancery court by hearing oral argument and ruling on their motion challenging the opening of the Estate. The Defendants argue that the Tallahatchie County

12

Chancery Court lacked jurisdiction to open the Estate and appoint Price as administratrix pursuant to Miss. Code Ann. § 91-7-63(1). This statute addresses the necessary requirements to grant letters of administration in a particular county.

¶19. Additionally, the Defendants argue that the Estate focuses on the wrong court in its standing argument. The Defendants assert that they have standing since they have a right to challenge the legal authority or capacity of a party plaintiff in the circuit court action pursuant to M.R.C.P. 9(a). The Defendants maintain that the motion for summary judgment filed in the Leflore County Circuit Court is not an appeal of the chancery court's decision nor a request for the circuit court to assume jurisdiction of the Estate opened in the Tallahatchie County Chancery Court. Instead, the Defendants argue that by filing a lawsuit in the Leflore County Circuit Court, the Estate subjected itself to the jurisdiction of the circuit court. Consequently, the Defendants can challenge the circuit court action pursuant to M.R.C.P. 9(a). The Estate is the only plaintiff in this action because Boles has no statutory wrongful death beneficiaries. Price is Boles's cousin and not a wrongful death beneficiary under Miss. Code Ann. § 11-7-13. Therefore, in keeping with M.R.C.P. 9(a), the Defendants argue that they have been sued by an invalid and void estate via the actions of an invalidly appointed administratrix. Since the Estate is void, the Defendants argue that they are being sued by a plaintiff that is a non-entity and legal nullity by a matter of law. In other words, an estate void ab initio cannot sue a defendant in circuit court since a voided estate is not a real plaintiff, but a legal nullity. Accordingly, the Defendants argue that any of the Plaintiff's assertions that they lack standing to challenge the authority of Price to maintain the Leflore County lawsuit is without merit.

13

¶20.    In *Johnson*, the Court of Appeals found that Colson, a doctor being sued for negligence by a putative father, lacked standing to intervene in a paternity and heirship suit in chancery court.    Colson wanted to intervene in the heirship action and for "all known heirs [to] be made parties to the action to determine heirs" *Id*. The Court of Appeals found that Colson had no conditional right to intervene, nor any asserted claim that there was a common question of fact or law with either the paternity or heirship proceedings. *Id*. "[T]here is no suggestion that Colson's defense to the claim of negligence would be in anyway impacted by the paternity or heirship actions." *Id*. The Court of Appeals, further held that economic interests, such as Colson's desire to intervene to avoid the cost of defending a lawsuit brought by a wrong party, in and of itself was insufficient to warrant intervention. *Id*. at 167.

¶21.    The Defendants argue that the Estate's reliance on *In re Johnson* and M.R.C.P. 24 concerning intervention misses the point.    By filing the motion in chancery court, the Defendants assert that they were attacking the *jurisdictional basis* of the administrative appointment of the administrator.    The Defendants distinguish their claim from that of the doctor in *In re Johnson*.

¶22.    Here, the Defendants argue that they are not challenging whether Price is qualified to serve as administratrix nor whether Price is a blood relative of Boles as Colson did in *In re* Johnson.    Instead the Defendants challenge the subject matter jurisdiction based upon the statutory requirement to open an estate in Mississippi.    In addition, the Defendants claim that, unlike *In re Johnson*, there is more than just an economic interest at stake in the lawsuit. Punitive damages were sought by the Estate, which the Defendants argue are "quasi-criminal"

in nature. Indeed in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 432, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001), the United States Supreme Court held that punitive damages have been described as "quasi-criminal" in nature. The Supreme Court also held that punitive damages "operate as 'private fines' intended to punish the defendant and to deter future wrongdoing. A jury's assessment of the extent of a plaintiff's injury is essentially a factual determination, whereas its imposition of punitive damages is an expression of its moral condemnation." *Id*. We agree.

¶23. The Defendants also rely upon M.R.C.P. 9(a) to support their position that they have standing. M.R.C.P. 9(a) states: "[t]he capacity in which one sues or is sued may be stated in one's initial pleading." The comments to M.R.C.P. 9(a) state, in part:

> A party desiring to raise an issue as to the legal existence, capacity, or authority of a party will be required to do so by specific negative averment. This is consistent with past procedure which held that affirmative defenses cannot be relied upon unless specifically pleaded. . . If lack of capacity appears affirmatively on the face of the complaint, the defense may be raised by a motion pursuant to Rule 12(b)(6) (failure to state a claim upon which relief may be granted), Rule 12(c) (a motion for judgment on the pleadings, or Rule (f) (a motion to strike).

*See also* *East Miss. State Hosp. v. Callens*, 892 So. 2d 800 (Miss. 2004) (complaint did not specify whether plaintiff was suing parties in their individual versus official capacity pursuant to M.R.C.P. 9(a)); *Frierson v. Delta Outdoor, Inc.*, 794 So. 2d 220, 224-25 (Miss. 2001) (although the Court references a failure to plead insufficient legal capacity in the complaint, pursuant to M.R.C.P. 9(a), it was actually the defendant who failed to allege insufficient mental capacity until the appeal); *Mosby v. Moore*, 716 So. 2d 551, 560 (Miss. 1998) (Mills, J., dissenting in part) (plaintiffs required to allege capacity in their complaint).

¶24. We find that the Defendants have standing before the chancery and circuit courts. The Defendants have standing in the chancery court action since they challenged the Tallahatchie County Chancery Court's subject matter jurisdiction to open the Estate. Pursuant to M.R.C.P. 9, the Defendants also can challenge a party plaintiff in circuit court. The record reflects that the Defendants challenged Price's authority and capacity to maintain the lawsuit in each of their answers. Therefore, the Defendants preserved their challenge to capacity in the Leflore County Circuit Court action. Thus, the Defendants also have standing to challenge the Estate as a party plaintiff in the circuit court action.

## II. Residence

¶25. Prior to addressing whether Price erred by opening the Estate in the Tallahatchie County Chancery Court, the parties dispute Boles's place of residence. Therefore, an initial determination of whether Boles was a resident of Tallahatchie or Leflore County will be discussed.

¶26. Miss. Code Ann. § 91-7-63(1) states, in part:

> Letters of administration shall be granted by the chancery court of the county in which the intestate had, at the time of his death, a fixed place of residence; but if the intestate did not have a fixed place of residence, then by the chancery court of the county where the intestate died, or that in which his personal property or some part of it may be.

¶27. The Defendants argue that Boles failed to meet any of the jurisdictional requirements of Miss. Code Ann. § 91-7-63(1) to open an estate in Tallahatchie County. Price's initial petition for appointment of administratrix and for letters of administration stated that Boles resided in Tallahatchie County at the time of her death and that as a result of alleged inadequate care from a nursing facility located in Tallahatchie County, she died on January 25, 2001. The

16

petition also stated that Boles had no real or personal assets other than the potential claim against the nursing facility. Based on these assertions, the Tallahatchie County Chancery Court appointed Price as administratrix of the Estate. Later, it was determined that the petition contained errors. As it turned out, Leflore County, not Tallahatchie County, was where Boles actually died and where the nursing home was located. The potential cause of action for inadequate nursing care, therefore, was in Leflore County as well.

¶28. The Defendants contend that Leflore County was where Boles (1) had a fixed place of residence at Greenwood Health, (2) died on January 25, 2001, and (3) had a personal property by way of a potential claim against the Defendants for alleged personal injury. The Estate, however, argues that Boles was a lifelong resident of Tallahatchie County until she entered the nursing home in Leflore County. Further, the Estate argues that it is unclear whether Boles had the requisite mental capacity to change her fixed place of residence or if she wanted to someday return home to Tallahatchie County.

¶29. Both parties rely in part on *Halford v. Hines*, 233 Miss. 786, 79 So. 2d 264 (1955), for factors in determining residency.[1] In *Halford*, a will contest case, Dorsey, a real property owner in Franklin County, spent his last six years of life living in Jefferson County. *Id*. at

---

[1] The Defendants also rely on an unpublished Mississippi federal district court opinion, *Cosby v. Liles*, 1996 WL 408864 (N.D. Miss. 1996) which stated in part:

Factors often taken into account by courts in evaluating the domicile of a party are: current residence; voting practices; location of personal and real property; location of bank accounts; memberships in organizations and associations; place of employment; driver's license and automobile registration; payment of taxes; as well as several others. *See* 13B Wright, Miller & Cooper, *Federal Practice & Procedure*, § 3612 (1969).

17

265-66. The matter was removed from Jefferson County to Franklin County. *Id*. at 269. When determining residency, this Court considered testimony from various witnesses that (1) Dorsey lived his entire life in Franklin County, except those six years in Jefferson County; (2) he owned 808 acres of property in Franklin County; (3) two weeks prior to his death, Dorsey told a witness that he was coming back to his "home" and stated that he never moved to Jefferson County; (4) he never moved any household effects from Franklin County; (5) he only brought a suitcase to Jefferson County; and (6) he was buried on his land in Franklin County. *Id*. at 269. This Court affirmed the will contest being removed to Franklin Count on this basis. *Id*.

¶30. We find that Boles's place of residency is Leflore County. Boles lived and died in Leflore County for more than four years prior to her death. The Estate admits that the petition filed in the Tallahatchie County Chancery Court was incorrect as to the location of Boles's death and nursing facility. Boles's death occurred in Leflore County as evidenced in the death certificate. Prior to her death, Boles had been a resident of Greenwood Health, the nursing facility located in Leflore County. An affidavit provided by Dumas, a vice-president of operations for Mariner, stated that Leflore County was where Boles had her permanent place of residence, where Boles received mail, and where Boles received Medicaid/Medicare benefits. In addition, Price stated in her petition filed with the Tallahatchie County Chancery Court that apart from the potential lawsuit against the nursing home, Boles had no other real or personal assets. The alleged cause of action for the nursing home negligence occurred in Leflore County, not Tallahatchie County as initially asserted by Price. Further, Boles had never been placed under conservatorship. Therefore, any claim as to Boles's mental capacity

18

is without merit. We find that Boles was a resident of Leflore County.

### III. The Chancery Court action

#### A. Whether the Tallahatchie County Estate was void ab initio

¶31.    We now turn to whether opening the Estate in Tallahatchie County was void ab initio. The Defendants argue that opening the Estate in Tallahatchie County and the appointment of Price in Tallahatchie County are void, not voidable. The basis of the Defendants' assertion is that the statutory requirements in regard to venue for some chancery matters are exclusive, meaning that the requirements are jurisdictional and, thus, these types of cases must be dismissed and cannot be transferred if filed in the wrong county. In addition, the Defendants argue that in those chancery matters where venue is exclusive, or in other words jurisdictional, any matters filed in a wrong county are void ab initio and any orders of the chancery court are void ab initio due to a lack of subject matter jurisdiction. Here, the Defendants argue that this estate matter  is one of these instances where venue is jurisdictional. The Defendants analogize the divorce statute with the estate statute.

¶32.    Indeed, this Court has held that the divorce statute prescribing where a  divorce suit must be filed goes to subject matter jurisdiction and not mere venue. *Price v. Price*, 202 Miss. 268, 32 So. 2d 124 (1947). In *Slaughter v. Slaughter*, 869 So. 2d 386, 391 (Miss. 2004), this Court held:

> [I]n *Price v. Price*, 202 Miss. 268, 271-72, 32 So. 2d 124, 125 (1947), [we] stated "that the statute prescribing where the suit must be instituted is not a mere statute of venue that may be waived but one of jurisdiction of the subject matter of the suit." *Id*., at 271-72, 32 So.2d at 125 (citing Amis in Divorce in Mississippi, Sec. 240). *See also* *Carter v. Carter*, 278 So. 2d 394, 396 (Miss. 1973) (referencing a review of authorities which state in effect "that a divorce suit brought in the wrong county goes to the jurisdiction, and is not a mere

19

matter of venue").

This Court has held that in divorce cases if venue is not proper then the action should be dismissed, not transferred to the correct county. *Slaughter*, 869 So. 2d at 391. *See also* *Price*, 32 So. 2d at 126; *Cruse v. Cruse*, 202 Miss. 497, 500, 32 So. 2d 355, 355 (1947). "However, this Court has held that if a court that [sic] has no subject matter jurisdiction in a case the judgment is rendered void, not voidable." *Id*.

¶33.    This Court has limited case law on estate matters.  In *Day v. Hart*, 232 Miss. 516, 517, 99 So. 2d 656, 657 (1958), this Court addressed whether the Lincoln County Chancery Court had jurisdiction to grant administration under the "county where the intestate died" pursuant to Section 525 of the Code of 1942.  Miss. Code Ann § 91-7-63(1) is derived from Section 525 of the Code of 1942.  Day, a Louisiana resident, and Hall, a Mississippi resident, were killed in a traffic collision caused by Day in Lincoln County.  *Id*. at 657.  Hall's parents petitioned the Lincoln County Chancery Court seeking the appointment of an administrator for the estate of Day in order to bring suit in Mississippi.  *Id*. at 658.  This Court held that the Lincoln County Chancery Court had jurisdiction to grant administration on the estate of Day. *Id*. at 660.  This Court held:

> Under said Section 525 of the Code of 1942 **jurisdiction** to grant administration is conferred upon the chancery court of the *county in which the decedent died*.  The statute is clear and unambiguous and must be construed to mean what it says.  A similar statute is not unknown to other jurisdictions.

*Id*. at 660.  (Emphasis in the original).  Clearly, then Miss. Code Ann. § 91-7-63(1) is jurisdictional in nature.  Section 91-7-63(1) authorizes three possible places to open an estate, those being (1) the chancery court of the county where the intestate had a fixed place of

20

residence at the time of death; (2) if there was no fixed place of residence, then the chancery court of the county where (a) the intestate died, or (b) where his personal property or some part may be.

¶34. The Estate argues that Tallahatchie County did not lack jurisdiction because Boles was a resident in that county prior to entering the nursing home. In Issue II, Boles was determined to be a resident of Leflore County, therefore this argument is without merit. The Estate argues that this Court's holding in *Halford*, 79 So. 2d 264, contradicts the Defendants' position. In *Halford*, this Court affirmed the chancellor's decision to allow a transfer of a will contest case to the county with the proper venue. *Id*. at 269. Therefore, the Estate contends that the chancellor in the case sub judice correctly transferred the Estate from Tallahatchie to Leflore County.

¶35. *Halford* is distinguishable from the case before the Court today. Importantly, the issue of jurisdiction was not raised or considered by this Court in *Halford*. Later, this Court in *Day*, previously discussed above, determined that the language of Section 525 of the Miss. Code of 1942, from which Miss. Code Ann. § 91-7-63(1) is derived and contained almost identical statutory language, is jurisdictional. Therefore, we find like the contested divorce statute, the estate statute prescribing where an estate must be filed goes to subject matter jurisdiction and not mere venue. *See Price v. Price*, 32 So. 2d 124. Following the logic of the divorce statute, if venue is not proper as to an estate, then the action should be dismissed, not transferred to the correct county. *Slaughter*, 869 So. 2d at 391.

¶36. Accordingly, we find like the divorce statute Miss. Code Ann. § 93-5-11, the estate statute at issue here, Miss. Code Ann. § 91-7-63(1), is an exclusive venue statute, making it

21

jurisdictional in nature. Price petitioned to open the Estate in Tallahatchie County. The facts surrounding Boles's death met none of the requirements for filing a petition in Tallahatchie County. Boles resided, died, and had her only potential asset, a lawsuit against the nursing facility, in Leflore County. Therefore, Tallahatchie County never had subject matter jurisdiction in the Estate and opening the Estate and appointing Price as administratrix was void, not voidable. Further, the transfer from Tallahatchie County to Leflore County was improper. The transfer from Tallahatchie County to Leflore County failed to cure the underlying jurisdictional problem with this case. The Tallahatchie County Chancery Court had no subject matter jurisdiction to either open an estate or appoint Price as administratrix. The chancellor should have dismissed, not transferred, the Tallahatchie County Chancery Court estate case, and Price should have filed a new petition in Leflore County.

### B.      Whether the administratrix's actions are void.

¶37.    The Estate argues that Price's actions as administratrix were valid and should be upheld by this Court. Even if the appointment of Price as administratrix were declared void, the Estate argues that Price's acts as administratrix would not be invalid. The Estate contends that the Tallahatchie County Chancery Court did not transfer a "nullity" since it closed the Estate. At the same time, letters of administration were issued in the Leflore County Chancery Court "effectively opening" the Estate in Leflore County. The chancellor then ratified Price's actions performed while under the authority of the Tallahatchie County Chancery Court.

22

¶38.    The Estate relies on a number of Mississippi cases where this Court ratified the actions of administrators and administratrixes.[2]    The Defendants contend that none of the cases upon which the Estate relies, concern failed jurisdiction.    We agree.    All of the   Estate's cases concern the ratification of an administrator's actions when dealings with third parties.    As such, all the Estate's cases are distinguishable from the jurisdictional issue before the  Court  today.

¶39.    The Estate also argues that *Methodist Hosp.  of Hattiesburg  v. Richardson* (*Richardson II*), 909 So. 2d 1066 (Miss. 2005), is controlling and allows for a reasonable time  to  substitute  pursuant  to  M.R.C.P.  17.[3]    In *Richardson II*, this Court referenced *Richardson  v.  Methodist  Hospital  of  Hattiesburg*, 807 So. 2d 1244 (Miss. 2002) (*Richardson I*), in which this Court affirmed a circuit court decision to grant summary judgment in favor of hospital on the issue of wrongful death, yet allowed a claim for a survival action.    *Richardson II*, 909 So. 2d at 1068.    On remand, the circuit court granted the hospital's summary judgment motion claiming that the real party in interest, the Estate of

---

[2]    The Estate relies on the following Mississippi cases: *Giglio v. Woollard*, 126 Miss. 6, 88 So. 401 (1921); *Gill v. Johnson*, 206 Miss. 707, 40 So. 2d 600 (1949); *Boyd v. Swing*, 38 Miss. 182 (1859); and *Ragland v. Green*, 22 Miss. 194 (1850).

[3]    M.R.C.P. 17(a) states:
Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his representative capacity without joining with him the party for whose benefit the action is brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

23

Vivian Wheeless, was not a party to the actions as an estate had never been opened. *Id*. Three days after the circuit court decision, Richardson filed a petition in the Lamar County Chancery Court to open an estate for Wheeless and to appoint Richardson as administratrix. *Id*. Thereafter, Richardson filed an amended complaint with the circuit court. *Id*. at 1068-69. The hospital filed a motion for summary judgment, which was the issue this Court addressed on interlocutory appeal in *Richardson II.* The hospital's motion for summary judgment claimed, in part, that the Estate of Wheeless was a stranger to the litigation. *Id*. at 1069. This Court held that pursuant to M.R.C.P. 17, "the real party in interest joined the suit within a reasonable time after objection." *Id*. at 1073. Therefore, the Estate asserts that like *Richardson II*, the Leflore County Chancery Court Estate of Eva Boles was substituted as the real party in interest.

¶40. The Defendants distinguish *Richardson II* from the case today. The Defendants assert that the underlying difference in *Richardson II* was that this Court did not have to address whether the plaintiff was the proper party or whether the case was properly filed. Here, the Defendants argue that the appointment of the administratrix and the opening of the Estate were void ab initio, therefore, as a matter of law Price had no authority to file the wrongful death action in Leflore County Circuit Court in 2002. In addition, the Defendants claim that the real party in interest is the Estate of Eva Boles, however, the Estate is null and void since it is void ab initio. As for M.R.C.P. 17, the Defendants argue that substituting the Estate into the Leflore County Circuit Court action is not permissible because the action was initially brought be one

24

lacking capacity to bring the suit, unlike the plaintiffs in ***Richardson II.*** Consequently, the Defendants maintain that substitution cannot cure the deficiencies in the case.

¶41.     ***Richardson II*** is distinguishable from the case sub judice. In ***Richardson II***, there was never an issue of whether the Wheeless estate was filed in the wrong county. Initially, Richardson, the daughter and an heir, filed a wrongful death claim individually and on behalf of her siblings with no separate wrongful death claim on behalf of the Estate of Wheeless. ***Richardson II***, 909 So. 2d at 1067. No estate was open at the time that Richardson filed the lawsuit. *Id*. When this Court found that there was a survival claim, the hospital challenged the ruling on remand asserting that the real party in interest, Wheeless's estate, was never opened by Richardson. *Id*. at 1068. After opening an estate, the circuit court permitted Richardson to amend the complaint in the pending action to add Wheeless's estate. *Id*. at 1068-69. This Court found that Richardson properly ratified and joined the action by amending the complaint within a reasonable time. *Id*. at 1070.

¶42.     In contrast to ***Richardson II***, the Estate filed the initial estate matter in the wrong chancery court, therefore, the Tallahatchie County Chancery Court Estate was void ab initio. In keeping with this logic and the fact that the Estate was void, Price had no authority to file the lawsuit in Leflore County. Price also was not a wrongful death beneficiary pursuant to statute. The fact that the Tallahatchie County Chancery Court later transferred the case to Leflore County is of no consequence and cannot ratify the Leflore County Estate nor the filing of the circuit court action. Price never had the authority to file the lawsuit in Leflore County on behalf of the void Tallahatchie County Estate. Therefore, no actual or legitimate Estate ever

25

existed and accordingly there was never a legitimate plaintiff in the Leflore County Circuit Court action. We find that the action was filed by a void estate through an administrator whose appointment also was void.

## IV. Circuit Court summary judgment

¶43. The Leflore County Circuit Court denied the Defendants' motion for summary judgment which challenged Price's authority to maintain the wrongful death lawsuit in Leflore County. The trial court simply denied the motion without further explanation. The Defendants argue that the Leflore County Circuit Court erred by denying their motion for summary judgment because as a matter of law, Price had no authority or capacity to file the wrongful death suit in Leflore County.

¶44. This Court set forth the standard of review in summary judgment cases in *Citifinancial Retail Services v. Hooks*, 922 So. 2d 778, 779 (Miss. 2006):

> This Court applies a de novo standard of review on appeal from a denial of summary judgment by the trial court. *Saucier ex rel. Saucier v. Biloxi Reg'l Med. Ctr.*, 708 So. 2d 1351, 1354 (Miss. 1998). *See also Jenkins v. Ohio Cas. Ins. Co.*, 794 So. 2d 228, 232 (Miss. 2001); *Russell v. Orr*, 700 So. 2d 619, 622 (Miss. 1997); *Richmond v. Benchmark Constr. Corp.*, 692 So. 2d 60, 61 (Miss. 1997); *Northern Elec. Co. v. Phillips*, 660 So. 2d 1278, 1281 (Miss. 1995).
>
> Rule 56(c) of the Mississippi Rules of Civil Procedure provides that summary judgment shall be granted by a court if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." M.R.C.P. 56(c); *see Saucier*, 708 So. 2d at 1354. The moving party has the burden of demonstrating there is no genuine issue of material fact while the non-moving party should be given the benefit of every reasonable doubt. *Tucker v. Hinds County*, 558 So. 2d 869, 872 (Miss. 1990). *See also Heigle v. Heigle*, 771 So. 2d 341, 345 (Miss. 2000). A fact is material if it "tends to resolve any of the issues properly raised by the parties." *Palmer v. Anderson Infirmary Benevolent Ass'n*, 656 So. 2d 790, 794 (Miss. 1995).

"If, in this view, there is no genuine issue of material fact and, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied." *Williamson ex rel. Williamson v. Keith*, 786 So. 2d 390, 393 (Miss. 2001). "Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite." *Tucker*, 558 So. 2d at 872.

Of importance here is the language of the rule authorizing summary judgment 'where there is no genuine issue of material fact.' The presence of fact issues in the record does not per se entitle a party to avoid summary judgment. The court must be convinced that the factual issue is a material one, one that matters in an outcome determinative sense. . .the existence of a hundred contested issues of fact will not thwart summary judgment where there is no genuine dispute regarding the material issues of fact. *Simmons v. Thompson Mach. of Miss., Inc.*, 631 So. 2d 798, 801 (Miss. 1994)(citing *Shaw v. Burchfield*, 481 So. 2d 247, 252 (Miss. 1985)). The evidence must be viewed in the light most favorable to the non-moving party. *See Russell*, 700 So. 2d at 622; *Richmond*, 692 So. 2d at 61; *Northern Elec. Co.*, 660 So. 2d at 1281; *Simmons*, 631 So. 2d at 802; *Tucker*, 558 So. 2d at 872.

To avoid summary judgment, the non-moving party must establish a genuine issue of material fact within the means allowable under the Rule. *Richmond*, 692 So. 2d at 61 (citing *Lyle v. Mladinich*, 584 So. 2d 397, 398 (Miss. 1991)). "If any triable issues of fact exist, the lower court's decision to grant summary judgment will be reversed. Otherwise the decision is affirmed." *Richmond*, 692 So. 2d at 61.

Much of the Defendants' argument parallels the reasoning on the standing issue previously addressed by this Court. The Defendants assert that (1) Price's appointment as administratrix of the Estate was void ab initio, (2) they raised the issue of capacity or authority to sue in their answers pursuant to M.R.C.P. 9, and (3) Price failed to prove that she has capacity to maintain the action because (a) her appointment in Tallahatchie County as administratrix was void as a matter of law for lack of subject matter jurisdiction, and (b) Price was a first cousin once removed of Boles, therefore, she was not a statutory wrongful death beneficiary with individual capacity to bring suit.

27

¶45. In fact there are no statutory wrongful death beneficiaries of Boles, the Estate is the only plaintiff. Further, the Defendants assert that the Estate subjected itself to the jurisdiction and subsequent scrutiny of Leflore County by filing the lawsuit. The Defendants also assert that if the Estate is void because the Tallahatchie County Chancery Court lacked jurisdiction to open an estate or appoint Price as administratrix, then there is no plaintiff and the lawsuit must be dismissed.[4]

¶46. The Estate maintains that the Defendants cannot challenge the chancery court's actions regardless of whether they assert the claim in chancery or circuit court as they cannot attack the creation of the Estate and they lack standing. Much of the Estate's argument has been addressed in the standing and residence issues above and will not be reiterated here.

¶47. Considering all of the case law mentioned in both parties briefs and discussed in detail in the above issues, we find the trial court erred by not granting the Defendants' motion for summary judgment. The Defendants challenged Price's authority and capacity to maintain the wrongful death action based upon the opening of the Estate and appointment of Price as administratrix as being void ab initio. In their answers, the Defendants raised the issue of capacity of Price to maintain the action. In their motion for summary judgment, the Defendants had a death certificate that showed that Boles died in Leflore County. Greenwood Health was located in Leflore County. An affidavit by Dumas, vice-president of operations at Mariner, stated that Boles was a resident of Greenwood Health from June 1996 until her death on January 25, 2001. Dumas also stated that Boles's place of residence was Greenwood

---

[4] Boles had no living husband, children, or parents. She only had second cousins at the time of death.

Health, she received mail and Medicaid/Medicare benefits at the nursing facility in Leflore County. The Estate provided no evidence that Boles's was a resident of Tallahatchie County.

¶48. We find that the trial court erred by denying the Defendants' motion for summary judgment. The Tallahatchie County Chancery Court had no jurisdiction to open an estate and appoint Price as administratrix. As such, Price did not have the capacity or authority to bring the wrongful death suit in the Circuit Court of Leflore County as an administratrix of the void Estate. Accordingly, the Leflore County Circuit Court erred by denying the Defendants' motion for summary judgment.

## CONCLUSION

¶49. For the foregoing reasons, the Tallahatchie County Chancery Court decision to deny the Defendants' motion to render the appointment of Price, as administratrix of the Estate, is reversed. The Tallahatchie County Chancery Court transfer of the Estate to Leflore County also is reversed. In addition, the Leflore County Circuit Court's denial of summary judgment is reversed, and judgment is rendered in favor of the Defendants as the Estate opened in the Tallahatchie County Chancery Court was void ab initio, and therefore, Price lacked capacity as a proper plaintiff to bring the law suit in the Leflore County Circuit Court. ¶50.

**REVERSED AND RENDERED.**

     **SMITH, C.J., WALLER, P.J., AND CARLSON, J., CONCUR. COBB, P.J., AND DICKINSON AND RANDOLPH, JJ., CONCUR IN RESULT ONLY. DIAZ AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**