987 So.2d 486 (2008)
In The Matter of the ESTATE OF Robert Earl HATHORNE, Deceased.
Cassie Johnson, Appellant
v.
Terry Griffin, Michelle Rogers and Angienette Watts, Appellees.
No. 2007-CA-00099-COA.
Court of Appeals of Mississippi.
July 22, 2008.
Laquetta Maria Golden, attorney for appellant.
Charles E. Lawrence, attorney for appellees.
Before KING, C.J., GRIFFIS and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. On March 3, 2004, the Chancery Court of Jefferson Davis County entered *487 an order compelling Cassie Johnson to surrender certain property belonging to the intestate estate of Robert Earl Hathorne. Johnson filed a "motion to reconsider or, in the alternative, motion to set aside the judgment, and motion for ex parte judgment" in which she challenged the chancery court's subject matter jurisdiction, among other things. The chancellor denied Johnson's motion, finding that she lacked standing to challenge the court's jurisdiction.
¶ 2. Aggrieved, Johnson appeals and argues that the Chancery Court of Jefferson Davis County lacked jurisdiction to handle the matters of Hathorne's estate. For the reasons explained below, we reverse the judgment of the chancellor and remand this case for further proceedings.

FACTS
¶ 3. Hathorne departed this life on April 6, 2003, while eating at a restaurant in Gulfport, Mississippi. Hathorne never married, but he was survived by three adult children, namely, Michelle Rogers, Angienette Watts, and Terry Griffin. Johnson, is Hathorne's sister.
¶ 4. On June 25, 2003, Griffin filed a petition to appoint himself administrator over Hathorne's estate and issue letters of administration, which the Chancery Court of Jefferson Davis County granted. After failed attempts to obtain certain estate property from Johnson and others, Griffin filed a motion to compel the surrender of the property. A hearing was held, at which Griffin appeared, but Johnson did not. Johnson had been served with notice, but no summons. On March 3, 2004, the chancellor entered an order to compel the surrender of the property.
¶ 5. On March 10, 2004, Johnson filed a "motion to reconsider or, in the alternative, motion to set aside the judgment, and motion for ex parte judgment." In this motion, Johnson argued that Hathorne did not die intestate, but that he had executed a will on November 27, 2001, which left Griffin nothing. Johnson also claimed that the Chancery Court of Jefferson Davis County lacked jurisdiction to handle the matters of Hathorne's estate because Hathorne was a resident of Harrison County at the time of his death. Johnson attached to her motion a copy of the purported will. However, the will had not yet been offered for probate in either Jefferson Davis County or Harrison County.
¶ 6. A hearing was held on April 24, 2004; Johnson was the only witness. She testified that in 1964, Hathorne moved from Jefferson Davis County to Harrison County, where he lived with his mother until the time of his death. Johnson produced various documents, including Hathorne's death certificate and driver's license, a Medicare summary note, and one of Hathorne's telephone bills; all of these documents indicated that Hathorne resided in Harrison County. Johnson introduced a copy of the purported will and testified that she recognized the signature on the will to be Hathorne's. The will was witnessed and signed by Consuella King. The will was notarized by Lisa Dormer and stamped "My Commission Expires: 9 FEB 2006." However, the will was dated November 27, 2001. The chancellor took judicial notice of the fact that a notary's commission lasts only four years.
¶ 7. On cross-examination, Johnson was asked to read the following paragraph from the will, which indicated that Hathorne owned property in Jefferson Davis County:
In the event of my death, I have some personal items such as clothes, shoes, guns, saws, riding lawn mower, outside cooker or burners at the home of Miss. Rose Mary Buckley[,] Route 2 Box 43, Prentiss, Mississippi 39474 [in Jefferson *488 Davis County], all of these things is [sic] to be removed from this resident and given to my mother Lugussie Hathorne.
Johnson also admitted that Hathorne had a trailer on forty acres of family land in Jefferson Davis County. Griffin also presented documents from a class-action lawsuit in which Hathorne was one of many African American farmers suing the United States Department of Agriculture. Johnson admitted that no farming was done at her mother's residence in Harrison County, thus, inferring that Hathorne farmed the forty acres in Jefferson Davis County.
¶ 8. After questioning Johnson himself, the chancellor cut the hearing short and issued a bench ruling denying Johnson's motion to reconsider. He concluded that because the will had not been offered for probate, Johnson lacked standing to contest the order or the court's jurisdiction to enter the order. In this regard, the chancellor noted that only Griffin, Rogers, and Watts were entitled to serve as administrator because they were Hathorne's issue, as opposed to his sibling. An order memorializing the chancellor's bench ruling appears in the record and bears on its face the date December 20, 2004. In this order, the chancellor stated that the Chancery Court of Jefferson Davis County had jurisdiction over the parties and the subject matter of the case, and "[Griffin] and his sisters are the heirs-at-law of the decedent Robert Earl Hathorne, and [they] are the only persons that have standing in which to administer the decedent's estate at this time."
¶ 9. Curiously, it is from this order that Johnson now appeals. Although the order itself is dated December 20, 2004, the date of entry appearing on the docket sheet is December 20, 2006. Johnson filed her notice of appeal on January 17, 2007.
¶ 10. The record certified for appeal is silent concerning the events that occurred from December 20, 2004, to December 20, 2006. According to both parties, on August 4, 2004, Johnson filed in the Chancery Court of Harrison County a petition to probate the purported will, and the petition was granted the same day. From the parties' assertions, it further appears that on October 10, 2006, Johnson filed a "petition to approve first and final accounting, distribution of assets, closing of the estate and discharge of executrix." However, this petition was not granted. Instead, the Chancery Court of Harrison County entered an order dated October 10, 2006, directing the parties to set a hearing to determine whether that court had personal and subject matter jurisdiction. There is no indication in the record that this hearing was held. Rather, it appears that on January 17, 2007, Johnson filed her notice of appeal from the December 20, 2006, order of the Chancery Court of Jefferson Davis County denying her motion to reconsider. As stated above, the date appearing on the face of the order denying Johnson's motion was December 20, 2004. The source of confusion in the instant case was caused as a result of the two-year delay in the entry of this order, and the record contains no explanation as to the two-year delay.
¶ 11. On appeal, Johnson raises one issue: "whether Jefferson Davis County or Harrison County has jurisdiction over the decedent's estate."

STANDARD OF REVIEW
¶ 12. On appeal, a chancellor's findings will not be reversed unless "manifestly wrong, clearly erroneous, or an erroneous legal standard was applied." In re Estate of Ladner, 909 So.2d 1051, 1054(¶ 6) (Miss.2004).

*489 DISCUSSION

Whether Jefferson Davis County or Harrison County has jurisdiction over Hathorne's estate.
¶ 13. The chancery court has full jurisdiction in "matters testamentary and of administration." Miss. Const. art. 6, § 159. The grant of letters of administration is governed by Mississippi Code Annotated section 91-7-63(1) (Rev.2004), which provides that venue for such an action is proper: (1) in the county where the intestate had a fixed place of residence at the time of his or her death, or (2) if there was no fixed place of residence, then in either the county where the intestate died or the county where his personal property or some part of it may be. Nat'l Heritage Realty, Inc. v. Estate of Boles, 947 So.2d 238, 249(¶ 33) (Miss.2006); see also Miss.Code Ann. § 91-7-63(1). Our supreme court has held that section 91-7-63(1) is jurisdictional in nature; therefore, if an estate is opened in an improper venue, "then the action should be dismissed, not transferred to the correct county." Estate of Boles, 947 So.2d at 249(¶ 35).
¶ 14. In the instant case, it was clear from the chancellor's bench ruling that the issue of jurisdiction was not fully considered. Notwithstanding the evidence presented by Johnson that brought into question the court's jurisdiction, the chancellor cut the proceeding short, finding that Johnson lacked standing to contest Griffin's appointment as administrator; thus, she lacked standing to contest the court's jurisdiction. We find that this was error. In Kelly v. Shoemake, 460 So.2d 811, 815 (Miss.1984), our supreme court stated as follows regarding the chancellor's authority to reopen a case for further proof:
[I]t has long been the settled rule in our courts of equity that where on a final hearing or even after submission it is clearly perceived that some material point is either left unproved or the explanation of it is insufficient the chancellor has the discretion in the interest of justice and merits to remand it to the docket for further proof.
(Citing Griffith, Mississippi Chancery Practice, § 595, pp. 631-32 (2d ed.1950)). It is incumbent upon the chancery court to determine that it has jurisdiction to consider the matters before it. In light of the additional evidence presented to the chancery court regarding Hathorne's residence at the time of his death, we find that the chancellor abused his discretion in denying Johnson's motion to reconsider.
¶ 15. Assuming that Johnson, as Hathorne's sibling, lacked standing to challenge Griffin's appointment as administrator of Hathorne's estate, she was nevertheless ordered by the court to surrender certain property of Hawthorne's estate that was in her possession. This being so, we find that Johnson at least had standing to challenge the chancery court's subject matter jurisdiction to enter the order. Because the hearing was cut short by the chancellor, Griffin was denied the opportunity to present evidence that he planned to introduce to support his position that jurisdiction was proper in Jefferson Davis County. Therefore, we do not find that the resolution of this issue by this Court on appeal would be proper.
¶ 16. Accordingly, we reverse the judgment entered and remand this case to the Chancery Court of Jefferson Davis County to reconsider whether the court has jurisdiction to handle the matters of Hathorne's estate. If, after a full consideration of the issue, the chancellor finds that the Chancery Court of Jefferson Davis County lacks jurisdiction, we direct that the action be dismissed pursuant to the supreme court's holding in Estate of Boles, 947 So.2d at 249(¶ 35).
*490 ¶ 17. THE JUDGMENT OF THE CHANCERY COURT OF JEFFERSON DAVIS COUNTY IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.